HENRY FARNUM, executor, *vs.* TIMOTHY BASCOM & others.

Middlesex.   Jan. 16.— Mar. 7, 1877.   MORTON & ENDICOTT, JJ., absent.

A bequest of a certain mortgage deed and the note mentioned in the mortgage, to
  J. S. in trust, to hold the same on certain trusts, to collect the debt secured thereby
  when payable, and to sell the same, whenever he should deem best, and to invest
  the proceeds, is a specific bequest.

A devise of " the use, improvement and income " of a certain lot of land, to J. S. for
  life, upon condition that he shall pay all taxes and assessments thereon, and keep
  the buildings on the land in repair, with remainder over after the determination
  of the estate of J. S., is a specific devise.

A married woman, by her will, to which her husband assented, gave her wearing ap-
  parel to her sisters, a specific legacy of personal estate in trust for her nephews,
  and devised to her husband for life a certain lot of land and house thereon, de-
  scribed in the will as the premises occupied by the testatrix and her husband, with
  remainder over to a niece.   She had no other property.   The testatrix left debts
  which were " contracted and made by her with reference to her sole and separate
  property," and the will contained no provision for their payment.   There were
  also funeral expenses and charges of administration.   *Held*, that the real estate,
  except that devised to the husband, and the personal estate were to contribute
  ratably to the payment of the debts, expenses and charges.

BILL IN EQUITY by the executor of the will of Rebecca Bas-
com, to obtain the instructions of the court.

The will, to which the husband of the testatrix assented in
writing, was dated June 24, 1874, and admitted to probate on
April 27, 1875, and contained the following provisions :

" First.  I give and bequeath all my wearing apparel unto my
sisters Susan B. Converse and Mary C. Learned, share and share
alike. .

" Second.  I give and bequeath a certain mortgage deed, given
to me by John Foster, for twenty-five hundred dollars, on a cer·
tain lot of land, with the buildings thereon, situated on I Street,
in Boston, in that part thereof called South Boston, in the
county of Suffolk and said Commonwealth, and numbered on
said street as one hundred and ninety, and the note in said mort-
gage mentioned, and the debt and claim thereby secured, and all
my right, title and interest in and to the premises in said mort-
gage described, by virtue thereof unto Henry Farnum, of said
Boston, his heirs and assigns, in trust, nevertheless, that is to
say, the same to hold, and the interest and principal thereof to
collect and receive when and as the same may become due and

payable, to sell and transfer said mortgage and note whenever in his judgment it shall seem best, or whenever it may become necessary; the interest and principal so received and collected to inves and hold in good and profitable stocks and bonds and other safe securities, an 1 one half part thereof to pay over and deliver unto my nephew, William B. Daniels, son of my brother, William B. Daniels, when and as soon as he shall attain the age of twenty-one years, and the other half part thereof to continue to hold and the same, with the interest and income thereon, to pay over and deliver unto my nephew, Charles Joseph Daniels, son of my said brother, when and as soon as he shall attain the age of twenty-one years; but if either of my said nephews shall decease before attaining said age, and the survivor shall not then have attained said age, then, in such event, to pay over and deliver to such survivor the whole of the estate held in trust as aforesaid, and the interest thereon, when and as soon as such survivor shall attain said age; but if my said nephew, Charles Joseph, shall decease before attaining said age, and my said nephew, William B., shall then be living and shall then have attained said age, then, in such event, to pay over and deliver all the estate then held in trust, and the interest thereon, to my said nephew, William B.; but if both of my said nephews shall decease before they shall attain said age, or if both of them shall decease before the youngest of them shall attain said age, then, in either event, to pay over and deliver all the estate then held in trust, with the interest thereon, unto the heirs at law of said ephews, such heirs to take by way of representation, and not according to their number.

" Third. I give and bequeath unto my beloved husband, Timothy Bascom, all the rest and residue of my personal property, of every name and kind, to have and to hold the same to him and his executors, administrators and assigns forever.

" Fourth. I give and bequeath unto my said husband, Timothy Bascom, the use, improvement and income of a certain lot of land, with the buildings thereon, owned by me, situated at the corner of Merrimack and Decatur Streets, in said Lowell, and being the same premises now occupied by me and my said husband; to have and to hold the same to him for and during his natural life, upon the express condition that he shall pay all

taxes and assessments thereon, and keep said buildings in a good and substantial condition, at all times, of repairs.

" I give, devise and bequeath unto my niece, Ada Augusta, daughter of my said brother, William B. Daniels, the reversion or remainder of my said lot of land, with the buildings thereon, situated at the corner of Merrimack and Decatur Streets, in said Lowell, and all profits, income and advantage that may result therefrom, from and after the determination of my said husband's estate therein, as hereinbefore given to him ; to have and to hold the same unto the said Ada Augusta, her heirs and assigns, from and after the determination of my said husband's estate therein as aforesaid, to her and their use and behoof forever."

The bill alleged that there were bills outstanding against the estate of the testatrix, amounting to about $300, and a promissory note made by her for about $50, both having been contracted and made by her with reference to her sole and separate property; that there were also certain funeral expenses still unpaid, and expenses of administration ; that there was no rest and residue of personal property as mentioned in the third clause of the will, all the property belonging to and left by her being her wearing apparel, the mortgage and the land and buildings in Lowell; that there were also, at the time of her death, " taxes due and payable on said last named estate."

The prayer of the bill was that the plaintiff might be directed from what source the debts and expenses of administration should be paid.

The answers of the defendants admitted the facts alleged in the bill.

*Ames*, J., reserved the case, on the bill and answers, for the consideration of the full court.

*J. N. Marshall*, for the husband.

*O. Stevens & H. Stevens*, for the legatees.

DEVENS, J. It would seem that the will of the testatrix was made under a misapprehension in reference to the amount of her property, or that liabilities were afterwards incurred by her not then contemplated. She has left debts in addition to the funeral expenses and charges of administration. Under the third bequest in the will, of the rest and residue of her personal prop-

erty to her husband, there is nothing which will pass. All the remainder of her property is devised or bequeathed, and she has made no provision for these claims.

Where there are both general and specific legacies and devises, those which are general must first be used for the payment of debts, even if they are thus entirely abated, before resort can be had to those which are specific. It is the presumed intention of the testator that the legatee shall receive the specific thing bequeathed. As long as it can be identified among the assets of the testator, he is to have it; and when it cannot thus be found and identified, he has no claim against the estate on that account. It is necessary, therefore, to determine the character of the various legacies and devises made by the testatrix.

That the legacy of the wearing apparel to the sisters of the testatrix is specific, there is no controversy. It is a bequest of specific things belonging to her, intended to be transferred *in specie* to the legatees.

The second bequest is of a certain mortgage deed and note for $2500 to Henry Farnum, in trust, to be paid to two nephews named, half to each, as they respectively come of age.

Where the intent is to bequeath a certain sum, and the circumstance that it is then out on mortgage or any other security is incidental merely and does not constitute an ingredient in the gift, the legacy is general. *Le Grice* v. *Finch*, 3 Meriv. 50. But if the gift be of the sum due upon a mortgage of particular premises, or upon a certain note described, the legacy is specific. *Sidebotham* v. *Watson*, 11 Hare, 170. *Gillaume* v. *Adderley*, 15 Ves. 384. *Chaworth* v. *Beech*, 4 Ves. 555. *Innes* v. *Johnson*, 4 Ves. 568. *Giddings* v. *Seward*, 16 N. Y. 365. So if the gift is of the proceeds of a certain mortgage, or all the money due on the bond of A. B., or all the money standing to the testator's credit in a particular bank, such legacy is specific. *Giddings* v. *Seward*, 16 N. Y. 365. *Stout* v. *Hart*, 2 Halst. 414. *Towle* v. *Swasey*, 106 Mass. 100. Where the bequest is not of the sum of money due on a particular security, but of a particular security described, the gift is not less specific, for nothing will fulfil the terms of the bequest but the thing itself.

The legacy we are now considering was of the mortgage deed, note and debt. The fact that the testatrix mentions the amount

due from the promisor is for its convenient identification only. This does not constitute any ingredient in the gift. It would belong to the legatee if it should have been reduced by payment, but there would not be any claim, on account of such reduction, against the general estate. As long as it can be identified, the legatee may have it; but he receives it in the condition in which it is when the gift takes effect by the death of the testatrix. The security was the essential thing; if the money due thereon had been collected and invested in a new form, the legacy would have been adeemed, as that which was given would have ceased to exist. This legacy is, therefore, to be treated as specific.

The devise of the use and improvement of a certain lot of land for the term of his natural life, to the husband of the testatrix, was specific. The English rule, that all devises of real estate are specific, probably never obtained in this state, and certainly has no present existence here. *Blaney* v. *Blaney*, 1 Cush. 107. There is no occasion to invoke it in this case. The lot of land with the buildings thereon, in which the life estate is given, is particularly described by its situation and as the one occupied by the testatrix and her husband. Nothing else will satisfy the terms of the devise. Nor is the devise less specific because it is not the devise of the entire estate. The gift of a term in real estate is not less specific than that of the real estate. *Long* v. *Short*, 1 P. Wms. 403. *Creed* v. *Creed*, 1 Dru. & War. 416, *Page* v. *Leapingwell*, 18 Ves. 463. It is suggested that the use and improvement of a lot of land is a gift indefinite in amount, dependent on its value after many deductions, and therefore not specific. This is unimportant. All the money which may be in a bag described, or which may be to my credit at a certain bank, or which I may recover in a certain action at law, is a specific legacy, although the amount is uncertain. *Towle* v. *Swasey*, *ubi supra*. *Chase* v. *Lockerman*, 11 Gill & Johns. 185. *Gilbreath* v. *Winter*, 10 Ohio, 64.

The devise of the remainder of the real estate to the niece of the testatrix must be held to be specific, for the same reasons which apply to the life estate.

As all the bequests and devises are specific, it is next to be considered how the burden of the debts is to be distributed

among them, and whether or not there is any preference be-
tween the legatees and devisees as such.

In *Hubbell* v. *Hubbell*, 9 Pick. 561, it is put as a query
whether, in case of a deficiency of assets, the devisees are equally
liable with legatees to contribute. The Gen. Sts. *c*. 92, §§ 29-
34, provide that when any estate, real or personal, is taken from
a devisee for the payment of debts, all other devisees or legatees
shall contribute in proportion to the value of property received
by each; and that if the testator, by making a specific devise or
bequest, has virtually exempted any devisee or legatee from lia-
bility, or required any different appropriation for the payment
of his debts, the estate shall be appropriated in conformity with
his will. These provisions do not in terms meet the case where
all the bequests and devises are specific, but they sufficiently
indicate the intent of the Legislature that there shall be no
preference of the real to the personal estate, when recourse must
be had to that specifically devised or bequeathed in order to
meet the debts. They must bear the burden proportionally.

Such is the rule of law apart from the statute. The testatrix
by her will has indicated her wish that each beneficiary should
have that which was specifically devised or bequeathed. To
some extent her bounty must fail, but there is no reason to sup-
pose that, by bestowing, upon one, realty, and, upon another, per-
sonalty, she intended to prefer one above the other, and their
gifts abate in proportion to their value. In *Long* v. *Short*, 1 P.
Wms. 403, it was held that specific devisees and legatees were
liable ratably, upon failure of assets, for the specialty debts, but
not for those by simple contract. As simple contract debts
were not then chargeable upon the land, it could not of course
be called upon to contribute to them. The same principle has
been followed there since the land has become liable for debts.
*Gervis* v. *Gervis*, 14 Sim. 654. *Tombs* v. *Roch*, 2 Collyer, 490.
*Voung* v. *Hassard*, 1 Jon. & Lat. 466. Where a testator charged
his land with payment of debts, it was held that specific devises
and legacies stood upon equal footing as to the abatement.
*Thompson* v. *Lawley*, 2 B. & P. 303. In *Rogers* v. *Rogers*, 1
Paige, 188, it was held that chattels specifically bequeathed must
be applied to the payment of a judgment against the testator
before a resort could be had to the land, but that case is not in

accord with the other American authorities, which adopt what
we deem to be the correct rule, that specific legacies and devises
are to bear the burden of the debts ratably, when resort must be
had to them.   *Cryder's Appeal*, 11 Penn. St. 72.   *Hallowell's
Estate*, 23 Penn. St. 223.   *Loomis's Appeal*, 10 Penn. St. 387.
*Chase* v. *Lockerman, ubi supra*.

It remains to be considered whether any reasons appear in
this case, which show that there should be a preference of one
devisee or legatee over the others.

It is suggested that, as it is shown that the debts of the testa-
trix were contracted "with reference to her sole and separate
property," we must infer that they were not contracted in ref-
erence to her clothing or the mortgage note, but must have been
with reference to her real estate, in repairs, &c., and that it is
but just that the devisees should pay them.   Such an inference
would be of quite too uncertain a character to justify any pref-
erence in favor of the legatees.   There is no legal evidence that
they were incurred on account of the realty, as the legatees sug-
gest, and, if they were, it would by no means follow that the
testatrix intended that the real estate should pay them, to the
exclusion of the personal.

A preference is claimed on behalf of the life estate bequeathed
to the husband, upon more substantial grounds.   Where legacies
or devises must fail to some extent, it is recognized that the
court will consider the situation of the several beneficiaries, and
will accord a preference to those who are not pure beneficiaries,
but who, in consideration of the legacy, are to relinquish or have
relinquished some important right.   Such legatees or devisees
are treated as purchasers, and, if there must be an abatement of
the legacies, even if their legacies are general, they are not com-
pelled to submit to such abatement until the general legacies of
those who are pure beneficiaries are exhausted.   Where a leg-
acy is in lieu of dower, or in case of relinquishment of dower,
or where, by the acceptance of the legacy, the dowress has lost
her dower, she is not deemed a pure beneficiary.   While the
moral obligation to provide for a child is not less than for a
wife, yet, as she has a legal claim upon the estate, and the child
has not, she is preferred in her legacy.   *Davenhill* v. *Fletcher*,
Ambl. 244.   *Heath* v. *Dendy*, 1 Russ. 543.   *Norcott* v. *Gordon*,

14 Sim. 258.  *Isenhart* v. *Brown*, 1 Edw. Ch. 411.  *Pollard* v. *Pollard*, 1 Allen, 490.  *Towle* v. *Swasey, ubi supra.*

The rule cannot differ when all the legacies are specific, certainly if that to the widow is specific also.  She still takes as a purchaser, and is not to be treated as a beneficiary in marshalling the assets.  Even where, when the will was made, the person named was not entitled to dower, it having been made in contemplation of marriage, she was treated as a purchaser, being entitled to dower when the will became operative.  *Towle* v. *Swasey, ubi supra.*

Applying a similar principle to the present case, the husband cannot be treated as a pure beneficiary.  He is not indeed shown to have been a tenant by the curtesy in the wife's real estate, but, by assenting to the will, he relinquished his right to one half of the personal property.  Of this he could not have been deprived by the will of his wife, except with his own assent.  Gen. Sts. *c.* 108, §§ 9, 10.  That assent was accompanied by a devise to him of this life estate.  He does not occupy a relation to the estate of the testatrix similar to that of sisters, nephews and nieces, none of whom had any rights in it.  As a purchaser, he is entitled to have the legacies and devises to pure beneficiaries, although specific in their character, first applied to the payment of the debts.  It is not important whether that which he is to receive is or not an exact equivalent in value to the right which he relinquished; it is sufficient that the testatrix deemed it proper to treat it as such.  *Davenhill* v. *Fletcher, ubi supra.*

As to the taxes assessed upon the real estate while the testatrix was living, the case does not show whether or by whom they have been paid, nor whether they still constitute a lien upon the estate, and does not so present the facts relating to them that the court can give an opinion upon the question out of what fund or property they are to be paid.

The result is, therefore, that all the legacies and devises are specific; that there is no preference of the realty, as such, to the personalty ; that all except the devise to the husband are to be charged with the payment of debts due and expenses of administration, in proportion to their respective values ; and that, until they are exhausted, no resort is to be had to the life estate of the husband.                               *Decree accordingly.*