ANN TOMLINSON & others *vs.* SARAH BURY & others.

Bristol. Oct. 27. — Nov. 23, 1887. C. ALLEN & KNOWLTON, JJ., absent.

A bequest of the testator's "bank stock" is to be construed as describing deposits in savings banks owned by the testator, if he owns no shares of stock in a bank.

A bequest of "all the mill stock and bank stock remaining in my name after the decease of my said wife" is specific, and not general.

If shares of stock, specifically bequeathed by a will, are appropriated to satisfy the claims of the testator's widow, who has waived the provisions of the will in her favor, the legatee is entitled to contribution from other legatees under the will.

BILL IN EQUITY, by certain legatees under the will of John Tomlinson, to obtain contribution from other beneficiaries under said will. At the hearing in the Superior Court, a decree was ordered for the plaintiffs; and the defendants appealed to this court. The facts appear in the opinion.

*M. Reed*, for the defendants.

*J. M. Morton & A. J. Jennings*, for the plaintiffs.

DEVENS, J. The parties litigant have agreed, if the plaintiffs, whose legacy has been appropriated to the claims of the widow, are entitled to contribution from other legatees, as to the amount to which contribution shall be made, and also as to the proportions in which it shall be distributed. This leaves open as the only question for discussion whether they are thus entitled. This depends apparently upon the inquiry whether the legacy to them is to be held as specific or general. The rule is well settled that, if a legacy is specific, and is appropriated to

the payment of debts, the legatee (if the general or residuary legacies are not sufficient) is entitled to contribution from the holders of other specific legacies. *Farnum* v. *Bascom*, 122 Mass. 282. Nor is there any distinction between such a case and one where a specific legacy is appropriated to satisfy the lawful claims of the widow of the testator, who has waived the provisions of the will made in her favor. To the extent to which a specific legacy has been taken by the widow, the legatee would be entitled to contribution, as much as if it had been taken for the payment of debts. It is equally well settled that, if the claim for contribution of the plaintiffs rested upon the fact that they were residuary legatees, it could not be maintained. Nothing is given by a residuary clause except upon the condition that something remains after all paramount claims upon the testator's estate are satisfied. *Richardson* v. *Hall*, 124 Mass. 228, 233.

The gift to the plaintiffs by the fourth clause of the testator's will was "all the mill stock and bank stock remaining in my name after the decease of my said wife." The plaintiffs were also residuary legatees and devisees under the sixth clause of the will, but they make, and could make, no claim on that account to any contribution. The words "bank stock" are to be construed as describing the testator's deposits in various savings banks. He had no shares of the capital stock of any bank, nor any other property in banking associations, and, while the expression is not accurate, it must be held, under these circumstances, to describe these deposits. The question is not of importance in the case at bar, as, if there is a specific legacy of the "mill stock," which has been taken, the plaintiff would be entitled to contribution from the other legatees, and the amount has been agreed upon. Specific legacies are held to contribute proportionally to the charges on the estate, unless from the expressions of the will, or from the position of the legatee, as where he receives a legacy in lieu of a debt or claim against the estate, it is seen that such legacy is entitled to a preference. *Farnum* v. *Bascom, ubi supra.* There is a presumption of intended equality between general legatees as a class, and between specific legatees as a class. A specific legacy is one which separates and distinguishes the property bequeathed from the other property of the testator, so that it can be identified. It can only

be satisfied by the thing bequeathed; if that has no existence, when the bequest would otherwise become operative, the legacy has no effect. If the testator subsequently parts with the property, even if he exchanges it for other property or purchases other property with the proceeds, the legatee has no claim on the estate for the value of his legacy. The legacy is adeemed by the act of the testator. Tried by these tests, the legacy of the testator's "mill stock and bank stock" must be held specific. It could only be satisfied by this mill and bank stock, and if the testator had disposed of them, or of any part of them, to that extent the legacy would have been adeemed.

Nor, in considering whether the legacy is specific, is it important that it was of such of these stocks as remained after the decease of his wife. He had bequeathed to her "the use, improvement, and income, of all" his estate, real and personal; he may have anticipated that it might suffer some diminution during her life, but, whether he did so anticipate or not, the subject of the gift was distinctly defined.

The defendants contend that this case comes within a class of cases where it has been held that a gift of all a testator's personal estate, enumerating the various classes, has been held to be general, and not specific. *Hays* v. *Jackson*, 6 Mass. 149. *Howe* v. *Dartmouth*, 7 Ves. 137. *Brummel* v. *Prothero*, 3 Ves. 111. *Walker's estate*, 3 Rawle, 229. *Woodworth's estate*, 31 Cal. 595. But the reason why it has been thus held is that in those cases no intent was shown to give a distinct part of the estate, nor to separate a portion thereof from the residue, but rather an intent to give the whole. A bequest is not the less specific because it includes numerous articles. A bequest of all the horses which the testator may own, of all his plate, of all the books in his library, or of all the horses, cattle, and farming tools on a particular farm or farms, is specific. *Stephenson* v. *Dowson*, 3 Beav. 342. *Borden* v. *Jenks*, 140 Mass. 562.

In the case at bar, the mill and bank stock were, by the bequest, separated and distinguished from the testator's other personal property.                    *Decree affirmed.*