HAROLD K. BULLARD, executor, *vs.* MARY J. LEACH & others.

Worcester.    September 30, 1912. — November 26, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DECOURCY, JJ.

*Devise and Legacy*, Identification by extrinsic evidence, Specific legacy. *Evidence*, Extrinsic affecting writings.

Where a will provided that certain legacies should be paid from the money of the testatrix deposited in three savings banks named in the city of Worcester, and one of those named was the Worcester Five Cents Savings Bank, it can be shown by extrinsic evidence that the testatrix never had a deposit in the Worcester Five Cents Savings Bank but that at the time of making her will and at

the time of her death she had a deposit in the Worcester County Institution for Savings, which was not named in the will, as well as deposits in the other two savings banks named, and it can be found that the testatrix intended to designate, instead of the Worcester Five Cents Savings Bank, the Worcester County Institution for Savings.

A will made ten pecuniary legacies and then provided as follows: "The last ten legacies aforesaid are to be paid only out of the monies now deposited in" three savings banks designated. At the time of making the will and at the time of her death the testatrix had deposits in the three savings banks designated, amounting in all to a little more than the amount of the ten legacies. *Held,* that the ten legacies were specific and not general legacies.

APPEAL from a decree of the Probate Court for the county of Worcester, allowing, after certain amendments, the first and final account of Harold K. Bullard as executor of the will of Sarah L. Fisher, late of Milford.

The appeal was heard by *Rugg,* C. J. The will of Sarah L. Fisher, with the omission of the introductory and attesting clauses and the clause nominating the executor, was as follows:

"After the payment of my just debts and funeral charges, I bequeath and devise as follows:

"To Emma F. Bullard and Harold K. Bullard, all of my real estate in equal shares; also, all my money deposited in the Milford Savings Bank, Milford, Mass., in equal shares.

"To the Pine Street Baptist Church of Milford, Mass., three hundred dollars.

"To my sister, Lucy S. Brown of Webster, Mass., one hundred dollars.

"To my sister in law, Abbie D. Tourtellotte, of Worcester, Mass., fifty dollars.

"To my niece, Anna S. Loud, fifty dollars, if living at my decease.

"To my niece, Mary J. Leach, fifty dollars, if living at my decease.

"To my niece, Elizabeth Hazard, fifty dollars, if living at my decease.

"To my niece, Ida M. Brown, fifty dollars, if living at my decease.

"To my niece, Martha J. Morris, fifty dollars, if living at my decease.

"To my niece, Mary L. Nichols, fifty dollars, if living at my decease.

"To my niece, Alice McGowan, fifty dollars if living at my decease.

"The last ten legacies aforesaid are to be paid only out of the monies now deposited in the Worcester Mechanics Savings Bank, the Worcester Five Cents Savings Bank, and the People's Savings Bank, in Worcester, Mass.

"To the said Emma F. Bullard and Harold K. Bullard, all the rest and residue of my estate, in equal shares."

The testatrix died on August 16, 1908. Her will was dated May 13, 1904.

At the date of her will the testatrix had on deposit in the Peoples Savings Bank $201.95, in the Worcester Mechanics Savings Bank $218.79 and in the Worcester County Institution for Savings $440. All three were savings banks in the city of Worcester. She also had a deposit in the Milford Savings Bank. The total amount to be treated as deposited in the three Worcester savings banks at the time of her death was $805.89. The ten legacies which the will provided should be paid out of deposits in the savings banks in Worcester amounted to $800. The testatrix never had any deposit in the Worcester Five Cents Savings Bank. At the time of her death she had in the Worcester County Institution for Savings $521.06.

The Chief Justice found as a fact that in the clause of the will providing "that the last ten legacies aforesaid are to be paid only out of the monies now deposited in the Worcester Mechanics Savings Bank, the Worcester Five Cents Savings Bank, and the People's Savings Bank, in Worcester, Mass.," the testatrix intended, instead of the Worcester Five Cents Savings Bank, to designate the Worcester County Institution for Savings.

The debts of the estate and the expenses of administration amounted to $589.05. The amount of the deposit in the Milford Savings Bank at the date of the death of the testatrix was $1,315.94, and the value of the real estate devised under the will was $2,100. In addition to the deposits in the Milford Savings Bank and in the three Worcester savings banks and the real estate devised, which could be applied to the payment of said indebtedness of the estate and the expenses of administration, there had come into the hands of the executor the additional sum of $125.01.

The account of the executor treated the legacy of the deposit of $1,315.94 in the Milford Savings Bank to Emma F. Bullard and Harold K. Bullard as a specific legacy, but treated the ten legacies payable out of the money in the three savings banks in Worcester as general legacies and deducted proportionally from them sufficient sums to make up the deficiency in the amount required for the payment of debts and charges of administration. The decree of the Probate Court treated the ten legacies above referred to as specific legacies, and required the amendment of the executor's account by making the specific legacy to Emma F. Bullard and Harold K. Bullard and the other ten specific legacies equally subject to the payment of the amount required for the payment of debts and charges of administration. Harold K. Bullard as executor of the will of Sarah L. Fisher appealed from the decree.

The Chief Justice reserved the appeal for determination by the full court upon agreed facts and the inferences that properly might be drawn therefrom, such decree to be entered as law might require.

*W. C. Mellish*, (*C. A. Cook* with him,) for the appellant.

*G. R. Stobbs*, for the appellees.

BRALEY, J. The testatrix at the date of the will and of her death had no money deposited in the Worcester Five Cents Savings Bank, which is enumerated among the savings banks in the second clause, but she did have a deposit in the Worcester County Institution for Savings. It is the first contention of the appellant that extrinsic evidence was not admissible to show a misdescription and that the testatrix intended to designate the latter, instead of the former, bank.

A literal interpretation would defeat her express purpose of giving the moneys in three savings banks doing business in a certain municipality to the legatees named, and her intention, which must govern, may be evidenced by all the circumstances concerning the nature and place of deposit of the specific property bequeathed. The identity of the banks could thus be shown as well as the identity of the legatees where upon applying the will doubt arises from the name or description as to the person or persons who the testator intended should share in his estate. The provisions of the will are unchanged, but it is to be read and applied in the light of the facts under which the testatrix is presumed to

have acted. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188, 205, 206. *Metcalf* v. *Framingham Parish*, 128 Mass. 370. *Hinckley* v. *Thatcher*, 139 Mass. 477. *Tomlinson* v. *Bury*, 145 Mass. 346, 348. *Thissell* v. *Schillinger*, 186 Mass. 180. *Best* v. *Berry*, 189 Mass. 510.

It next is contended that the legacies given by this clause are general, and, there having been an insufficiency of assets, the amount in the banks, which the parties agree would have been sufficient at her death to have paid the legacies, could be used by the executor for the payment of debts and the charges of administration until it had been exhausted.

The purpose of the testatrix, however, is plain to give these deposits in the proportions specified; and if the total amount had proved to be inadequate, no direction is found for their payment from the residue of the estate, and the bequest is to be read as if she had said, "My moneys deposited in these banks are to be divided between the legatees," stating the sum each should receive. A particular fund or portion of her estate having been set apart and appropriated with no further provision for their payment, the legacies cannot be treated as general or demonstrative, but should be classed as specific. *White* v. *Winchester*, 6 Pick. 48. *Wilcox* v. *Wilcox*, 13 Allen, 252, 256. *Towle* v. *Swasey*, 106 Mass. 100, 106. *Farnum* v. *Bascom*, 122 Mass. 282, 285. *Johnson* v. *Goss*, 128 Mass. 433, 435, 436. *Boston Safe Deposit & Trust Co.* v. *Plummer*, 142 Mass. 257, 262. *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, 78. *Porter* v. *Howe*, 173 Mass. 521, 526. *Thayer* v. *Paulding*, 200 Mass. 98. *Armstrong's appeal*, 63 Penn. St. 312, 316.

The gift to the appellant and his wife in the first clause of "all my money deposited in the Milford Savings Bank" is also specific. *Towle* v. *Swasey*, 106 Mass. 100. And although they are named as residuary devisees and legatees, the remainder of the estate, after the pecuniary legacies and the previous devise to them of "all of my real estate in equal shares" have been satisfied, is trifling. But, while if necessary all of the property must be applied in payment of the testatrix's debts and to defray the expenses of settling the estate, it appears from the agreed facts that only a portion of the personal property will be required. The specific legatees therefore must contribute to the deficiency in proportion

to the amounts of their respective gifts. *Farnum* v. *Bascom*, 122 Mass. 282. *Richardson* v. *Hall*, 124 Mass. 228, 233; *S. C.* 127 Mass. 64. R. L. c. 135, §§ 26, 27.

The questions presented by the appellant are disposed of by what we have said, and, the computations of the account as allowed not being in dispute, the decree of the Probate Court should be affirmed.

*Ordered accordingly.*