PHILIP J. DOHERTY, executor, *vs.* KATHERINE E. O'HEARN.

Suffolk.    January 10, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Devise and Legacy,* Identification by extrinsic evidence.  *Evidence,* Of identity.

At the hearing of a petition for the registration of the title to land numbered 68 and 70 on H Street, the determining question was, whether a testator, by language describing "68 and 70 on C Street" had intended to describe the locus. It appeared that the testator never had owned any property numbered 68 or 70 on C Street; that he had owned the locus and had lived in number 68 for thirty years and had made his will there; that C Street, H Street and two other streets met about opposite the locus, C Street and H Street intersecting at an acute angle and the locus facing C Street; that the last number on C Street before the intersection was 66, and that the numbers ran toward the intersection. *Held,* that there was a latent ambiguity in the description in the will, and not merely an unambiguous mistake, and that a finding was warranted that the testator had intended to describe the locus.

PETITION, filed in the Land Court on November 10, 1911, for the registration of the title to land numbered 68 and 70 on Henley Street in that part of Boston called Charlestown.

In the Land Court the petition was heard by *Davis,* J.  Both the petitioner and the respondent claimed title derived from the will of John Wall, late of Charlestown, the petitioner contending that, in the clause described in the opinion, by the words "sixty-eight . . . and seventy . . . Chelsea Street," the testator had meant "sixty-eight and seventy Henley Street," the locus, and the respondent contending that there was no latent ambiguity in the words used in the will, but that in using those words the

testator had made an unambiguous mistake, so that the devise failed and the property came under the operation of the residuary clause of the will and thus became hers.

It was agreed by the parties that John Wall never had owned any houses numbered 68 and 70 Chelsea Street in Charlestown, that he had owned the premises numbered 68 and 70 Henley Street (said premises being a double house) continuously for nearly thirty

years up to the time of his death, and had lived at 68 Henley Street during all that time; that his will was executed in the house numbered 68 Henley Street; that the premises numbered 68 and 70 Henley Street were opposite the junction of Chelsea and Henley Streets and faced toward Chelsea Street, as shown on the accompanying plan; and that the house on Chelsea Street nearest in a southwesterly direction to 68 Henley Street is 66 Chelsea Street; and that the numbers of Chelsea Street run northeasterly.

The trial judge found that the description in the will, " while inexact or perhaps inaccurate or faulty, nevertheless clearly mani-

fests the intent of the testator. The premises in which the testator had lived for nearly thirty years and in which the will was executed, bore the numbers 68 and 70 on the door. While they were assessed, and properly numbered 68 and 70 on Henley Street, they nevertheless were situated opposite the junction of Henley and Chelsea Streets, and faced towards Chelsea Street, and by a curious coincidence 68 and 70 would have been their correct numbering on Chelsea Street had they been numbered on that street. To one looking at or thinking of the property as it appeared on the ground it seems to me that 68 and 70 Chelsea Street would be an apt designation of this property for the purposes of identification. The situation is shown by the plan which has been made a part of the agreed facts. . . . The gift in his will by John Wall of 'my houses and land numbered 68 and 70 on Chelsea Street' manifests a clear intention to thereby devise the property in controversy."

The judge of the Land Court ordered a decree for the petitioner and reported the case for determination by this court.

*F. M. Ives,* (*M. L. Fahey* with him,) for the respondent.

*E. Field,* (*H. L. Brown* with him,) for the petitioner.

BRALEY, J. The petitioner, who is the executor of the will of James F. Wall, having been empowered to sell, at either private sale or public auction, the reversionary interest of the testator in the premises known as sixty-eight and seventy Henley Street in the city of Boston, made application to the Land Court, under the R. L. c. 128, § 18, cl. 2, for registration of the title in fee. But as the interest of the testator is derived from the will of his father, John Wall, under which, upon the death of his mother, Mary Wall, who was given a life estate but is now deceased, the son takes the remainder in the "houses and land numbered sixty-eight . . . and seventy . . . Chelsea Street in the Charlestown District of said Boston," the respondent, the daughter of John and Mary, contends that by the residuary clause, wherein the residue is devised to his wife, she takes the fee under the will of her mother and the petition should be dismissed.

It is plain on the face of the wills of the father and son that the descriptions are not identical, and the question is whether extrinsic evidence is admissible to show that they were employed to describe the same land. Or, in other words, what portion of his

estate did John Wall mean when he used the descriptive phrase found in his will to identify the real property in which his wife was given a life interest and his son the remainder. The uniform law of construction must be resorted to, and the will is to be read in the light of all the surrounding facts and attendant circumstances to ascertain the testator's intention. *Ware* v. *Minot,* 202 Mass. 512. *Sibley* v. *Maxwell,* 203 Mass. 94. *Lydon* v. *Campbell,* 204 Mass. 580. It may be said generally, that unless in terms it is so vague and indefinite as to be impossible of an intelligent execution, a will is sufficiently certain and definite as to be capable of enforcement, where the property devised or bequeathed and the legatees who are to take have been so described by the testator, that they can be identified by the aid of extrinsic evidence. *Whipple* v. *Adams,* 1 Met. 444. *Bodman* v. *American Tract Society,* 9 Allen, 447. *Minot* v. *Attorney General,* 189 Mass. 176. *Sanger* v. *Bourke,* 209 Mass. 481. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115. *Bullard* v. *Leach,* 213 Mass. 117. The agreed facts being admissible for this purpose, no reasonable doubt is left that John Wall intended to dispose of all his estate. It appears that he had occupied the premises in question for nearly thirty years before his death, and the will was executed at his home. The provisions for his wife contemplated a continuance for her benefit of the place of their marital residence and with this in mind he makes a specific devise which in meaning is the same as if he had said, "now occupied by me as a home."

It is found by the trial judge, who was empowered to draw inferences of fact, that even if the numbers on the doors as named in the devise corresponded with the enumeration of Henley Street the premises were so located as to face toward Chelsea Street and were opposite to the junction of this street with Henley Street. The designation of "Chelsea Street" used by the testator, even if not technically accurate as a boundary, manifestly referred to the street with which in his mind his homestead was identified. It is sufficiently definite to express his purpose, and the estate devised being certain, there is no sufficient reason why his will should not be carried into execution. *Bullard* v. *Leach,* 213 Mass. 117.

The decree registering the petitioner's title accordingly should be affirmed.

*So ordered.*