Louise Moffatt, administratrix with the will annexed, *vs.* Victorine Heon & others.

Suffolk.   March 30, 1922. — June 29, 1922.

Present: Rugg, C.J., Braley, De Courcy, Crosby, & Jenney, JJ.

*Devise and Legacy,* Specific, Ademption.   *Evidence,* Extrinsic affecting writing. *Mortgage,* Of real estate.

A clause in a will was as follows: "As the mortgagee named in a certain mortgage deed given by [naming the mortgagor, the date and record details of the mortgage] I give and bequeath to my trustee the said mortgage deed, the real estate thereby conveyed, and the note and claim thereby secured" in trust "to either

assign or discharge this mortgage as soon as convenient, whereupon he is to divide the proceeds and the accumulated income" and distribute it among designated relations. There was a residuary clause. The mortgage note was paid and the mortgage discharged before the death of the testator. *Held,* that

(1) The provision was not a gift payable out of or charged on a particular fund, with a fixed separate intent to give the money independently of the fund;

(2) The plain and unambiguous language of the bequest described a specific legacy;

(3) The language of the will not being ambiguous, its meaning could not be changed by extrinsic evidence, although admitted without objection;

(4) The legacy was adeemed.

PETITION, filed in the Probate Court for the county of Suffolk on October 24, 1919, for the allowance of the first and final account of Louise Moffat, administratrix with the will annexed of the estate of Peter Thuillet, late of Boston.

The fourth clause of the will in question was as follows:

"Fourth: As the mortgagee named in a certain mortgage deed given by Benjamin J. Moxon, dated June 12th, 1901 and recorded in Suffolk Registry of Deeds, Book 2760, page 376, I give and bequeath to my trustee the said mortgage deed, the real estate thereby conveyed, and the note and claim thereby secured, to have and to hold the same, in trust however for the uses and purposes following, viz: —

"(1) I direct my trustee to either assign or discharge this mortgage as soon as convenient, whereupon he is to divide the proceeds and the accumulated income into three equal parts and to set aside and pay over one part to each of the following individuals, viz: — [a sister and two nieces, the contestants]."

In the Probate Court, the last item of schedule B of the account, "Paid Louise Moffatt, residuary legatee, $2,693.90," was contested by the sister and nieces of the testator named in the fourth clause of his will. There was a hearing by *Grant,* J., and by his order a decree was entered allowing the account. The contestants appealed to the Supreme Judicial Court for the county of Suffolk, where there was a hearing by *Carroll,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence is described in the opinion. By order of the single justice, a decree was entered affirming the decree of the Probate Court.

*J. T. Pugh,* for the appellants.

*D. C. Delano,* for the appellee.

DE COURCY, J.  By the fourth clause of his will Peter Thuillet bequeathed a certain mortgage to a trustee, in trust to collect the amount due thereon and to pay the proceeds to his sister and two nieces, the appellants, who reside in France.  Under the fifth clause he gave the residue of his estate to Mrs. Louise Moffatt, with whose family he had lived for about forty years.  The will was executed on December 31, 1912.  The mortgage, which was for $3,000, was paid off August 11, 1914, and the proceeds were deposited by the testator in three savings banks.  Thuillet died in 1917, at the age of eighty-two.  No trustee has ever been appointed under said fourth clause, because the mortgage, which was the only property to be held in trust, was not owned by the testator at the time of his decease.  The first and final account filed by the administratrix with the will annexed shows an estate inventoried at $3,314.17, and amounting with interest to $3,628.90.  The schedule of payments, after accounting for debts and charges of administration, discloses the payment of the balance, $2,693.90, to Louise Moffatt as residuary legatee, (Item 24).

The account was duly allowed by the Probate Court; and a single justice of this court affirmed the decree.  This appeal is based upon the contention of the appellants that the legacies to them were not adeemed, and that said $2,693.90 represents the proceeds of the mortgage and is payable to them, and not to the residuary legatee.

The gift of the mortgage under article fourth of the will was plainly a specific legacy within the accepted definition formulated in *Tomlinson* v. *Bury*, 145 Mass. 346, 347.  "A specific legacy is one which separates and distinguishes the property bequeathed from the other property of the testator, so that it can be identified. It can only be satisfied by the thing bequeathed; if that has no existence, when the bequest would otherwise become operative, the legacy has no effect."  The distinctive characteristic of such a legacy is its liability to ademption or extinction.  In order to make a specific legacy effective, the property bequeathed must be in existence and owned by the testator at the time of his death. As was said in *Tomlinson* v. *Bury, supra* (348): "If the testator subsequently parts with the property, even if he exchanges it for other property or purchases other property with the proceeds, the legatee has no claim on the estate for the value of his legacy.  The

legacy is adeemed by the act of the testator." In that case the bequest was of "all the mill stock and bank stock remaining in my name after the decease of my said wife;" and it was held to be specific and not general.

This rule of the ademption of specific legacies has long been recognized in our decisions. In *Ballard* v. *Carter*, 5 Pick. 112, where a mortgage, owned by the testator when he made the will, would have passed under the residuary clause as a specific legacy, and he subsequently foreclosed the mortgage and took a deed of the property, it was held that the legacy was adeemed. Parker, C. J., said (page 116): "One principle runs through all the cases and that is, that the devisor must be seised of the same estate at the time of his death, that he was seised of when he made his will, to make it a good devise. In other words, that any alteration in the estate after the making of the will, amounts to a revocation." As stated by Shaw, C. J., in *Richards* v. *Humphreys*, 15 Pick. 133, 135: "The ademption of a specific and of a general legacy depends upon very different principles. A specific legacy of a chattel, or a particular debt, or parcel of stock, is held to be adeemed, when the testator has collected the debt, or disposed of the chattel or stock, in his lifetime, whatever may have been the intent or motive of the testator in so doing. But when a general legacy is given, of a sum of money out of the testator's general assets, without regard to any particular fund, intention is of the very essence of ademption." In *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, the testatrix owned twenty shares of a certain railroad stock at the time of making her will. She bequeathed ten shares to each of two legatees. Subsequently she sold the twenty shares and reinvested the proceeds. It was held that the legacy was specific, and was adeemed by the sale thereof. The following language of Holmes, J. seems peculiarly applicable to the facts disclosed by this record: "We must hold the legacy in the fourth clause of the will specific, although we cannot but fear that, if the testatrix had been fully advised of the consequences of making a legacy specific, she would have changed her will." See also *Wiggin* v. *Swett*, 6 Met. 194, 202; *Mitchell* v. *Danforth*, 12 Cush. 330; *White* v. *Winchester*, 6 Pick. 48; *Farnum* v. *Bascom*, 122 Mass. 282; *Thayer* v. *Paulding*, 200 Mass. 98.

The suggestion that this is a demonstrative legacy is untenable.

It is not a gift payable out of or charged on a particular fund, with a fixed separate intent to give the money independently of the fund. *Stevens* v. *Fisher*, 144 Mass. 114, 127. 28 R. C. L. 292. The plain and unambiguous language of the bequest describes a specific legacy. Consequently extrinsic evidence to show the friendly feeling of the testator for the appellants was rightly excluded as immaterial; — although that fact did appear from testimony that went in without objection. As the language of the will was not ambiguous, none of the excluded evidence was admissible to "explain" its meaning, or to vary or control the written will by showing that the testator orally expressed a different intention. As was said in *Gould* v. *Chamberlain*, 184 Mass. 115, 121: "A testator's declarations of his intentions are inadmissible, though logically they would seem to be the best evidence obtainable. They are excluded, however, by reason of the statute, which requires wills to be in writing, and also of the rule which forbids the introduction of parol evidence to alter or vary written instruments." See also *Foster* v. *Smith*, 156 Mass. 379; *Polsey* v. *Newton*, 199 Mass. 450, and cases collected; *Walton* v. *Draper*, 206 Mass. 20. Cases like *Howe* v. *Bemis*, 2 Gray, 205, and *Woods* v. *Gilson*, 178 Mass. 511, cited by the appellants, are plainly distinguishable from the present one. The will was clearly drawn, and gave the appellants a specific legacy of the mortgage and note. When these were sold the legacy was adeemed. In order to give the proceeds to these legatees the testator should have made a codicil to that effect during the years which elapsed between the sale and his death. As he failed to do so, we are confined to the unambiguous language of the will for ascertaining his intention.

It should be added that since the beginning of these proceedings the appellee has deceased; and Charles A. Moffatt has been appointed administrator with the will annexed of the estate of the testator not already administered and has been admitted as a party in her stead.

*Decree affirmed.*