Douglas **CHAPMAN**, Personal
Representative of the Estate
of Hazel Chapman Kidik

v.

Wilhelmina **CHAPMAN**.

Supreme Judicial Court of Maine.

Argued June 1, 1990.

Decided July 10, 1990.

Philip K. Clarke (orally), Gross, Minsky, Mogul & Singal, Bangor, for plaintiff.

Calvin E. True (orally), Eaton, Peabody & Veague, Bangor, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Douglas Chapman (Douglas), the personal representative and a residuary beneficiary of Hazel Chapman Kidik's will, and another residuary beneficiary of the will, Cynthia C. White (Cynthia), appeal from a judgment of the Hancock County Probate Court (*Patterson, J.*) finding devisee Wilhelmina Chapman (Wilhelmina) entitled to the $65,000 amount of a promissory note representing the identifiable proceeds from the sale of a house in Yarmouth, Massachusetts, that the Testatrix had specifically devised to Wilhelmina in her will but had later, prior to the Testatrix's death, through her attorney-in-fact sold to a third

party. Upon determining that the Testatrix was domiciled in Massachusetts at the time of her death, the Probate Court concluded that Massachusetts law governed whether the specific devise to Wilhelmina was adeemed by the sale. Douglas and Cynthia appeal, arguing that under a proper application of the Massachusetts law of ademption the specific devise to Wilhelmina was extinguished by the Testatrix's sale of the property. Wilhelmina cross-appeals, arguing that Maine law should govern settlement of the estate, and that under Maine law she was entitled to the cash proceeds of the sale as well as the $65,000 amount represented by the promissory note. Although we agree with the Probate Court that Massachusetts law governs the distribution of this estate, we determine that under Massachusetts law the specific devise to Wilhelmina was entirely adeemed, and therefore we vacate the judgment.

## I.

The will of Testatrix Hazel Chapman Kidik states that when the Testatrix executed the will she resided at 7 Wisteria Road, West Yarmouth, Massachusetts. Paragraph THIRD of the will provides, in pertinent part:

> I give, devise and bequeath to Wilhelmina H. Chapman of Bay View Drive, Bar Harbor, Maine my house at 7 Wisteria Road, West Yarmouth, Massachusetts and the contents therein if she shall survive me.

The will provides for several other specific devises not at issue in this case, and further states that the residue of the Testatrix's estate shall be divided equally between her niece Cynthia, her nephew Douglas, and Douglas's former wife, Wilhelmina.

The parties agree that before she died the Testatrix executed a durable power of attorney designating Douglas as her attorney-in-fact. Neither party disputes the Probate Court's finding that in the summer of 1986, before the Testatrix died, she sold the Massachusetts property "through her attorney-in-fact for $115,000 and received back a mortgage deed to the premises,

securing a $65,000 promissory note." The Testatrix died in September, 1986. The Probate Court determined that at the time of her death the Testatrix was domiciled in Massachusetts. Neither party disputes the Probate Court's finding that the mortgage deed was undischarged at the time of the death of the Testatrix, but the mortgage note has since been paid.

After determining that Massachusetts law must govern distribution of the Testatrix's estate, the Probate Court concluded that under the "identity" theory of ademption as applied by the Massachusetts courts the devise of the Massachusetts property to Wilhelmina was still identifiable to the extent of the $65,000 mortgage and promissory note. In keeping with this conclusion, the Probate Court directed Douglas, as personal representative of the estate, to deliver $65,000 to Wilhelmina before distributing the residuary estate.

## II.

■ We find no error in the Probate Court's determination that Massachusetts law governs the settlement of the Testatrix's estate. At common law, the validity, construction, and effect of a will has long been determined by the law of the testator's domicile. *U.S. Trust Co. of New York v. Boshkoff,* 90 A.2d 713, 148 Me. 134, 141 (1952); *Union Safe Deposit & Trust Co. v. Wooster,* 130 A. 433, 125 Me. 22 (1925). We agree with the Probate Court that there is nothing in Maine's Probate Code that was intended to reverse this common law rule. The Probate Court determined that at the time of her death the Testatrix was a domiciliary of Massachusetts. This determination was supported by sufficient competent evidence in the record, and therefore we find no error in the Probate Court's conclusion.

## III.

■ Next we conclude that under Massachusetts law the specific devise to Wilhelmina was completely adeemed. In *Baybank Harvard Trust Co. v. Grant,* 23 Mass.App.Ct. 653, 504 N.E.2d 1072 (1987),

the Massachusetts Appeals Court re-affirmed that state's commitment to the "identity theory" of specific devises, by which the court "ordinarily looks only to the existence or nonexistence of the subject matter of the specific legacy," *id.* at 1074 (citing *Walsh v. Gillespie,* 338 Mass. 278, 280, 154 N.E.2d 906 (1959)), and not to the intent of the testator with respect to that property. *Bostwick v. Hurstel,* 364 Mass. 282, 304 N.E.2d 186, 193 (1973). The court in *Baybank* found that the specific nature of the devise at issue in that case was dispositive of the case:

> "The distinctive characteristic of such a [specific] legacy is its liability to ademption or extinction. In order to make a specific legacy effective, the property bequeathed must be in existence and owned by the testator at the time of his death. As was said in *Tomlinson v. Bury* [145 Mass. 346, 348, 14 N.E. 137 (1887)], 'If the testator subsequently parts with the property or purchases other property with the proceeds, the legatee has no claim on the estate for the value of his legacy. The legacy is adeemed by the act of the testator.'" *Moffatt v. Heon,* 242 Mass. 201, 203–204, 136 N.E. 123 (1922). *"When a testator disposes of the subject of a specific legacy during his lifetime, that legacy is held to be adeemed, whatever may have been the intent or motive of the testator in so doing."* Richards v. Humphreys, *15 Pick. 133, 135 (1833).*

*Baybank,* 504 N.E.2d at 1074 (italicized emphasis added). We determine that the sale of the Massachusetts property constituted a disposal of the subject of the specific legacy at issue during the lifetime of the testatrix, and therefore the entire devise was adeemed.

To reach the opposite conclusion the Probate Court relied upon the fact that the Testatrix "continued to hold record title to the Massachusetts real estate, subject to the purchaser's right to redeem the mortgage." The nature of the Testatrix's interest in the property, however, was not the same after the conveyance as it was before, and under Massachusetts law this alteration in the nature of the Testatrix's interest amounts to a revocation of the specific devise of that property. "The general principle . . . is, that in order to dispose of an estate by will, it is necessary that the party devising should have the ownership of the land in him at the time of making the will, and that there should be a continuance of *the same interest* till the time of the death of the devisor, when the will is to take effect." *Ballard v. Carter,* 5 Pick 112, 114 (Mass.1827) (emphasis added). Because the Testatrix's interest in the Massachusetts property was substantially different at the time of her death than when she made her will, the specific devise of that property must be considered adeemed.

■ Wilhelmina's statements that the *Baybank* and *Walsh* cases "clearly represent a trend away from any mechanical application of the identity theory" and "recognize that even in identity theory states, the intent of the testator must control" are mistaken. On the contrary, the Massachusetts Supreme Court in *Walsh* stated "there can be no doubt . . . that . . . this court is committed to the 'identity' theory and ordinarily looks only to the existence or nonexistence of the subject matter of the specific legacy." *Walsh,* 154 N.E.2d at 908.[1] Likewise, the Massachusetts Court of Appeals in the *Baybank* case emphasized the continuing vitality of the identity test in that Commonwealth, and noted that exceptions to the identity test are few and narrow. *Baybank,* 504 N.E.2d at 1074–75. Neither of the two exceptions noted there apply to this case.

---

**1.** The Massachusetts Court in *Walsh* carved out a narrow exception to the rule of ademption under the identity test that applies in circumstances where the subject matter of the testator's specific devise is sold by a court appointed conservator after the testator has become incompetent. *Walsh,* 154 N.E.2d at 908–10. Wilhelmina's argument that the testatrix was in-

competent or under a disability at the time that the Massachusetts property was sold, and that therefore this case sale should be treated as it would had it been executed by an conservator, must fail. No finding of incompetence was made, and no conservator was appointed by any court in this case.

In sum, we conclude that the Probate Court erred by ordering Douglas to distribute to Wilhelmina $65,000 as the identifiable proceeds of the Massachusetts sale. The specific devise of the Massachusetts property was adeemed when the Testatrix substantially changed her interest in the property by selling the property and taking back a mortgage and a note.

The entry is:

Judgment vacated. Remanded to the Probate Court with instructions to enter judgment that the specific devise to Wilhelmina Chapman was entirely adeemed.

All concurring.