> Testator gave to his brother all of his business, and the good will, fixtures, and equipment thereof; to his wife all the money due him at his decease from said business, "or from any other source whatever, also whatever money he might have in his business bank"; and directed his brother to collect outstanding accounts, and pay the same to his widow. He also gave $500 each to his brother and to his daughter, and made no other provision for the latter. The estate comprised his business, and personal property connected therewith, and the balance in his business bank, several savings bank accounts, and his other personal property. There was nothing but the savings bank accounts out of which the money legacies might be paid. *Held,* that the wife's specific devise did not by the words "from any other source" include the savings bank accounts, which were subject to satisfaction of the pecuniary legacies.

In the matter of the judicial settlement of the account of Daniel J. Hawks, executor of William H. Hawks, deceased. To the referee's report the widow, Adele Hawks, excepted. Overruled, and decree accordingly.

Oscar Frisbie, for executor.

Stickney, Spencer & Ordway (Otto C. Wierum, Jr., of counsel), for widow, Adele Hawks.

Guy C. Frisbie, for legatee, Emily A. Burghman.

ARNOLD, S. The testator, by the second clause of his will, gave to his brother all the stock and fixtures contained in and around his

undertaking business; also, his horse, wagon, harness, whips, robes, and blankets; also the good will of said business; and, by the fourth clause, gave to his wife all money that might be due him at the time of his decease from his undertaking business, or from any other source whatever; also whatever money he might have in his business bank; and, by the fifth clause, directed his brother to collect all money that might be due him at the time of his decease, and pay the same to the testator's widow as soon as collected. I think it is evident from the provisions noted that the testator intended thereby to dispose of all his business assets. By the second clause of the will he gave to his said brother the sum of $500, to be paid to him as soon after his decease as possible; and by the third clause he gave to his daughter the like sum of $500, for her own use absolutely. No other provision is made in favor of the latter. It appears that he kept a business account in the Greenwich Bank, and had at the time of his decease a balance therein to his credit. He had also several savings bank accounts, upon which there was also at his decease a considerable amount to his credit, more than enough to satisfy the two pecuniary legacies to his daughter and to his brother. The widow claims that the language of the fourth clause of the will entitles her not only to the balance in the Greenwich Bank, but also to the balance in the savings banks, insisting that the words "all money that may be due me at the time of my decease from my undertaking business, or from any other source whatever, also whatever money I may have in my business bank," includes the moneys in the savings banks. If this interpretation is correct, there would be nothing which could be applied to the satisfaction of either of the money legacies, as the estate seems to have consisted entirely of his business and the personal property used in connection therewith, the moneys in the Greenwich Bank, and the accounts due him from his business transactions, all of which he specifically gave to his wife and his brother, some household furniture and personal ornaments, also specifically bequeathed to the same legatees, and the moneys in the savings banks. I think it was his intention not to include the latter in the specific bequest to his wife, notwithstanding the use of the words "or from any source whatever"; and this is evidenced by his use of the words following, "also whatever money I may have in my business bank." While it may be conceded that the savings bank deposits did in fact represent an indebtedness of those institutions to him, it was apparently not so considered by him, and he had the same impression with regard to any balance which he might have to his credit in his business bank; otherwise, he would not have deemed it necessary, after the general language previously used, to make a specific bequest of the latter. It cannot be assumed, unless the language of the will absolutely compels such a construction (which I think it does not), that, after giving the pecuniary legacies to his daughter and his brother, he intended by the subsequent clause to specifically devise to his wife all his property which could be applied to the payment of such legacies. The result of any other construction may be that, as to the moneys in the savings banks (as they exceeded the aggregate of the pecuniary legacies), they are not all disposed of by the will, as there is no residuary bequest.

I do not think, however, that this fact should be held to deprive the. daughter and brother of their legacies, which I think it was clearly intended by the testator they should receive, and which, by holding that the savings bank deposits were not included in the specific devise to the wife, can be paid to them.

The referee's report is confirmed, and the exception thereto overruled, and a decree may be presented which shall direct the payment of the pecuniary legacies. Decreed accordingly.