EDWARD J. O'NEIL, executor, *vs.* JOHN H. COGSWELL, administrator *de bonis non,* & another.

Suffolk.  January 26, 1916. — March 4, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy,* Specific legacy, Ademption. *Evidence,* Presumptions and burden of proof.

A legacy of a certain mortgage note to the owner of the mortgaged property, accompanied by an instruction to the executor of the will to discharge the mortgage securing the note, is a specific legacy of the note.

Where a widow who, as the administratrix of the estate of her husband, came into possession, as a part of the assets of his estate, of a certain mortgage and the note secured thereby, which was payable to a former holder of the mortgage and by him had been indorsed in blank, pays the debts and charges of the estate, makes payments to two sons, who were the sole next of kin, on account of their distributive shares, mingles her own funds with those of the estate and uses for her own account about one half of the funds distributed by her, the mere fact that, at the time of her death, the mortgage note, with no additional indorsements upon it, and the mortgage, unaccompanied by any assignment by her as administratrix to herself individually, are found in a safe deposit box rented in her name and containing both securities belonging to her and securities belonging to her husband's estate, together with the fact that, by a provision of her will made three days before her death, she had made a specific legacy of the mortgage note to the owner of the real estate and had instructed the executor of the will to discharge the mortgage, will not warrant a finding that she owned the note and mortgage at the time of her death, and therefore nothing passes by the specific legacy.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 15, 1914, begun by Maria Emma Keefe (and afterward prosecuted by the executor of her will) against John H. Cogswell, adminis-

trator *de bonis non* of the estate of John D. Gilman, and Wilford D. Gray, administrator with the will annexed of the estate of Annie C. Gilman, who was the wife of John D. Gilman, alleging in substance that the plaintiff was the owner of certain real estate in South Boston which was subject to a mortgage securing a note of $800 held by John D. Gilman at the time of his death; that Annie C. Gilman had been appointed administratrix of the estate of her husband and had performed all her duties as administratrix and had distributed substantially all the assets of the estate among herself and the next of kin, two sons, and that among the assets distributed to herself were the Keefe note and the mortgage securing it, but that by accident, mistake or inadvertence she did not make a formal assignment of the mortgage to herself; that on her death Annie C. Gilman by her will gave the Keefe note to the plaintiff and directed the executor of her will to discharge the mortgage, both the note and the mortgage then being among her effects; that the defendant, the administrator with the will annexed of her estate, denied that the note and mortgage were a part of her estate and had delivered them to the defendant, the administrator *de bonis non* of the estate of John D. Gilman. The prayers of the bill were that the mortgage should be discharged and that the note should be delivered to the plaintiff.

After the suit was brought, Maria Emma Keefe died and the executor of her will was admitted to prosecute the suit in her stead.

The suit was referred to a master. Among other facts, he found that the mortgage and mortgage note in question originally had been given to one O'Keefe, who had indorsed the note in blank and had executed an assignment of the mortgage and had delivered both to John D. Gilman, who held them at the time of his death, that Annie C. Gilman never had filed any account of her administration of the estate of her husband, and that her will was made three days before her death. He also found that the "only evidence of any distribution of the estate of John D. Gilman by Annie C. Gilman by which it may be determined that she had set apart the said note and mortgage to herself as part of her distributive share therein is such inference as may be drawn from the clause in her will whereby she sought to dispose of the same

as her individual property." Other material facts found by him are stated in the opinion.

A final decree dismissing the bill was entered by order of *Pierce*, J., and the plaintiff appealed.

*H. V. Cunningham*, (*W. L. Burt* with him,) for the plaintiff.

*W. D. Gray*, (*J. H. Cogswell* with him,) for the defendants.

CARROLL, J. John D. Gilman, at the time of his death, October 21, 1909, was the owner of a note for the sum of $800. David F. Keefe was the maker. Annie C. Gilman was appointed administratrix of the estate of John D. Gilman, her husband. She filed no account as such administratrix and on her death in March, 1912, John H. Cogswell was appointed administrator *de bonis non* of Gilman's estate. David F. Keefe died before Gilman, leaving a widow, Maria Emma Keefe, who died after this suit was begun, and the executor of whose will is the plaintiff. She then owned the mortgaged real estate. She was a half sister of Mrs. Gilman, who in her will provided: "To my step-sister, Maria Emma Keefe, of South Boston, Massachusetts, I give and bequeath the promissory note for eight hundred dollars made by her and her late husband and secured by mortgage of real estate numbered 63 Baxter Street South Boston, and I instruct and authorize my said executor to cancel and discharge said mortgage in the Registry of Deeds Suffolk County."

The master reported that on the death of the testatrix, in a safe deposit box, rented in her name, there were found securities belonging to Mrs. Gilman and to the estate of her deceased husband. The note and mortgage were found in this box. They had never been assigned or indorsed "from herself as administratrix to herself individually, and, further than the clause in her will by which she sought to dispose of it as her individual property, there is no evidence that she ever made any attempt to transfer the ownership to herself individually." Mrs. Gilman mingled her own funds with those of the estate. She paid the debts and charges, amounting to $10,383.77, and, to the sons of Mr. Gilman by a former marriage, she paid to one the sum of $3,115.50, and to the other the sum of $1,255.64, on account of their respective distributive shares, and used for her own account money of the estate to the amount of $4,324.54.

This particular note and mortgage in question were so desig-

nated and set apart in the will that they are a specific, as distinguished from a general or demonstrative, legacy. *Bullard* v. *Leach*, 213 Mass. 117, and cases cited.

If some one other than Mrs. Gilman was the administrator of her husband's estate, and, without rendering any account, continued to hold the note and mortgage in his possession without indorsement or assignment, it would hardly be contended that Mrs. Gilman was the owner thereof. The fact that she herself was the administratrix does not make her the owner of the securities. They were not hers. They were the property of her husband's estate, and she had no more title to them individually than would be the case, if the administrator of the estate was a stranger to her.

As the legacy was specific, if Mrs. Gilman never owned the securities, or, having formerly owned them, had disposed of them before her death, it could not take effect; and, whatever her intention, even though she sought to provide for her sister by relieving the mortgage on her home, nevertheless, as Mrs. Gilman did not own the property at the time of her death, the legacy failed. *Tomlinson* v. *Bury*, 145 Mass. 346. *Hazard* v. *Gushee*, 35 R. I. 438, 448.

*Decree dismissing the bill affirmed.*