CHARLES R. LYE, executor, *vs.* CHARLES R. LYE & others.

Hampden.　September 22, 1926. — November 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, Of "moneys in savings banks."

A man, who could not read, having two deposits of money in savings banks and one in the savings department of a national bank, and real estate valued at $6,000, made a will, in the second paragraph of which he gave "all the moneys in savings banks, as represented by savings bank books, in equal shares" to five named children with the provision that if any of them should predecease him such one's share should be distributed among the survivors. In a third paragraph, he gave all "the rest, residue and remainder" of his property, "both real and personal," to a son who was not named in the preceding paragraph,

and who, after the death of a wife, who was not the mother of the children named in the will, had come to live with his father and in his home until the father's death. *Held*, that there was nothing to justify a conclusion that the testator intended to include his deposit in the national bank in the legacy given in the second paragraph of his will.

PETITION, filed in the Probate Court for the county of Hampden on March 3, 1926, by the executor of the will of Richard Lye, late of Holyoke, for instructions.

In the Probate Court, facts stated in the opinion were agreed upon and the petition was heard by *Long*, J., who ordered entered the decree described in the opinion. Charles R. Lye, as an individual, appealed.

The case was submitted on briefs.

*M. L. Welcker & C. J. Moriarty*, for Charles R. Lye, individually.

*D. D. O'Brien*, for Mary Ann Lye and others.

SANDERSON, J. This is a petition for the construction of the will of Richard Lye. By the second paragraph the testator gave and bequeathed "all the moneys in savings banks, as represented by savings bank books, in equal shares" to five named children with the provision that if any of them should predecease him such share should be distributed among the survivors. By the third paragraph he gave all "the rest, residue and remainder" of his property, both real and personal, to his son Charles R. Lye, who was not one of the legatees named in the second clause.

At his death the testator left deposits in the Peoples Savings Bank and Holyoke Savings Bank amounting together to $5,861.93, a deposit of $1,590.67 in the savings department of the City National Bank, and real estate valued at $6,000.

It appeared from the agreed facts that the national bank was permitted under United States statutes to establish and carry on a savings department in which money could be deposited at interest, and that the national bank had issued to the testator a deposit book entitled account "No — 11961: — Savings Department, City National Bank." The rules provided that interest on sums amounting to $5 or more would be determined at fixed periods, and that the deposit

book must be presented when withdrawals are made. Nine deposits were made, beginning January 14, 1915, and ending October 1924, and there were also various withdrawals. The largest deposits in this account represented money which came from the estate of the testator's deceased wife, who was not the mother of any of his children. After her death in 1920, Charles R. Lye, the residuary legatee, and his wife went to live with the testator and remained with him until his death. During these years the testator owned the house where they lived and paid for his board and care. When the will was made the only property owned by him consisted of money deposited in the banks above named and the unencumbered real estate on which he lived.

The judge of the Probate Court, after hearing, found that it was the intention of the testator in using the words, "all the moneys in savings banks, as represented by savings bank books," in the second clause of the will, to refer to and include moneys deposited in the Peoples Savings Bank, the Holyoke Savings Bank, and the savings department of the City National Bank.

The residuary legatee appealed from this decree, and the single question presented is whether the money deposited in the savings department of the City National Bank should be distributed under paragraph two or be paid to the residuary legatee under paragraph three.

The will shows a purpose to favor the residuary legatee. The real estate which comes to him in any event is of substantially greater value than the legacy to any of the other children. If the testator had intended five of his children to have all of the personal estate and the remaining child to have nothing but the real estate, he could easily have phrased his will so as to indicate that intention. But instead of so expressing himself, he used in the residuary clause the words "remainder of my property, both real and personal," thus indicating that the residuary beneficiary might receive both real and personal property. The expression "all the moneys in savings banks, as represented by savings bank books," taken by itself refers to deposits in savings banks and excludes those in national banks.

It is agreed that the testator could not read; but there is nothing to show that he did not know the difference between a national and savings bank, and the extent to which his account in the national bank was used for depositing and withdrawing money seems to indicate that he must have been familiar with that bank. It has not been suggested that he drew his own will or that there is any reason for thinking that he used the expressions in his will inaccurately. Apparently to make clear his intention to give savings bank deposits only he added the words "as represented by savings bank books."

While it is true that deposits in the savings department of a national bank have some of the characteristics of deposits in savings banks, *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64, 71, *Commonwealth-Atlantic National Bank of Boston, petitioner*, 249 Mass. 440, 446, they are not deposits in "savings banks, as represented by savings bank books." There is nothing in the terms of the will so far as those terms appear in the record and nothing in the circumstances disclosed by the agreed facts to justify this court in reaching the conclusion that the testator intended to include his deposit in the national bank in the legacy given in the second clause of his will. See *Tucker* v. *Seaman's Aid Society*, 7 Met. 188, 205, 209, 210.

It must be assumed that all material facts presented to the Probate Court as the basis of the decree there have been presented in this court. In the opinion of a majority of the court, the decree of that court should be reversed and a decree entered declaring that the testator by the second clause of his will bequeathed the moneys deposited in the Peoples Savings Bank and the Holyoke Savings Bank, and that the money deposited in the savings department of the City National Bank did not pass under that clause but is a part of the residue created by clause three of the will.

*Ordered accordingly.*