THE FIRST NATIONAL BANK OF BOSTON, executor, *vs.* THE PERKINS INSTITUTE FOR THE BLIND & others.

Suffolk.    April 8, 1931. — May 29, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Devise and Legacy*, Ademption.    *Probate Court*, Costs and expenses.

A testator, owning one hundred ten shares of preferred stock of a corporation callable at $115 a share, by his will gave to a nephew "all of my stock" in that corporation. Before his death the corporation called the stock, and, to meet the call, issued debentures which were sold to a banker who agreed to give holders of the stock a preferential

right to subscribe for the debentures. The stockholder sent his shares to the banker with a subscription; but the issue was oversubscribed, and the stockholder received only $7,000 in debentures and the rest of the value of the stock was paid to him in cash by the corporation. Upon a petition by the executor of the will for instructions, it was *held*, that

(1) The legacy of the stock to the nephew was adeemed;

(2) Residuary legatees were entitled to the debentures.

A decree of a probate court awarding a respondent in a petition by an executor of a will for instructions $350 as costs and expenses was held not to show an abuse of discretion, although other respondents, appellees in this court, had waived all claims for costs and expenses, it appearing that the subject matter of the petition was not entirely free from doubt and that it was litigated in good faith by the respondent to whom the award was made.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on August 8, 1929, by the executor of the will of Amelia G. Dyer.

The petition was heard by *Dolan*, J., upon an agreed statement of facts. Material facts are stated in the opinion. A final decree was entered that the $7,000 in face value of debentures of Standard Oil Company of New Jersey described in the opinion did not pass under the will to the respondent Baker, but were a part of the residue of the estate, and were to be paid out and distributed as such to the respondents The Perkins Institute for the Blind and Homeopathic Hospital of Boston, and that "the residuary legatees, through counsel, having waived all claims to costs and expenses, there was awarded to the respondent John Baker as costs and expenses, the sum of $350, to be paid out of the estate of said deceased." The respondent Baker appealed.

*J. T. Noonan*, for the respondent John Baker.

*E. A. Whitman*, for the respondents The Perkins Institute for the Blind and another.

CARROLL, J. This is a petition for instructions by the executor of the will of Amelia G. Dyer who died July 4, 1928. In the sixteenth clause of her will the testatrix gave to her nephew, John Baker, hereinafter referred to as the legatee, "all of my stock in the Standard Oil Company of New York and the Standard Oil Company of New Jersey." Instruc-

tions are sought as to the disposition of $7,000 in principal amount of the debentures of the Standard Oil Company of New Jersey, which the legatee contends passed to him under this clause of the will, and the other respondents contend belong to them under the residuary clause.

It was, agreed that at the time of the execution of the will the testatrix owned one hundred ten shares of the seven per cent, preferred stock of the Standard Oil Company of New Jersey; that this stock was callable at $115 a share and accrued dividend and was called for payment by vote of the directors on November 15, 1926. To meet this call debentures totalling $120,000,000 were to be issued; these debentures were sold to bankers in New York. The bankers agreed to give the holders of the stock a preferential right to subscribe for these debentures. The testatrix sent to the bankers her one hundred ten shares of stock, subscribing for a sufficient number of debentures to absorb the stock. The issue of the debentures was oversubscribed; accordingly, there was allowed to Mrs. Dyer seven of these debentures in payment for sixty-two shares of stock. The remainder of her stock was redeemed by the New Jersey company. At the time of her death Mrs. Dyer owned the $7,000 of debentures.

There was no stock of the Standard Oil Company of New Jersey in the estate of the testatrix when she died. Her stock in that company had been taken up by the payment in cash from the New Jersey company, and the debentures which had been purchased by the bankers and transferred to her by these bankers in exchange for sixty-two of her shares. The debentures came to her, not from the New Jersey company but from the bankers who were the owners of them. In these circumstances the legacy of the stock of the Standard Oil Company of New Jersey was adeemed. The legacy of the specific thing had been disposed of by the testatrix before her death. The case cannot be distinguished from *Moffatt v. Heon*, 242 Mass. 201, where it was held that the specific legacy of a mortgage which was paid before the death of the testator had been adeemed. In that case the authorities are reviewed and this quotation from *Tomlinson v. Bury*, 145 Mass. 346, 348, appears at pages 203–204: "If

the testator subsequently parts with the property, even if he exchanges it for other property or purchases other property with the proceeds, the legatee has no claim on the estate for the value of his legacy. The legacy is adeemed by the act of the testator." In addition to the authorities collected in *Moffatt* v. *Heon*, 242 Mass. 201, see *Towle* v. *Swasey*, 106 Mass. 100, 106; *Meyerovitz* v. *Jacobovitz*, 263 Mass. 47.

The legatee relies on *Pope* v. *Hinckley*, 209 Mass. 323. In that case the testator, at the date of his will, owned a number of shares in a New Jersey corporation. After the date of his will and codicil this corporation passed into the hands of receivers. A new corporation under the laws of Connecticut was formed to take over the business of the New Jersey corporation. Pending receivership proceedings the testator deposited his stock in the New Jersey corporation with a trust company which issued to him trust certificates to be exchanged, and which eventually were exchanged for stock in the Connecticut corporation. This exchange was not made during the lifetime of the testator, but was made by his executors shortly after his death. By his will the testator gave numerous legacies of shares in the New Jersey corporation. It was held that the legacies were to be satisfied by the transfer to the various legatees to whom they were given of the "number of shares of preferred and common stock in the Connecticut corporation to which the testator would have been entitled by virtue of the number of first preferred shares in the New Jersey corporation named in such legacies." It was said in that case at page 328: "it is immaterial whether the legacies are to be regarded as general or specific, though they would seem to be general rather than specific." *Pope* v. *Hinckley* in no way supports the legatee's contention. The testator there held the stock in question in the New Jersey corporation at the time of his death, and although the corporation had been dissolved, his right to the stock in the Connecticut corporation depended "upon his continued recognition as a stockholder in the defunct corporation." Page 327.

*Tomlinson* v. *Bury*, 145 Mass. 346, is not in conflict. The question in that case was whether the plaintiffs, whose legacy

had been appropriated to the claims of the widow, were entitled to contribution from the other legatees. The legacy to the plaintiffs was "all the mill stock and bank stock remaining in my name after the decease of my said wife." It was said at page 347, "The words 'bank stock' are to be construed as describing the testator's deposits in various savings banks. He had no shares of the capital stock of any bank, nor any other property in banking associations, and, while the expression is not accurate, it must be held, under these circumstances, to describe these deposits." There was no ambiguity in the will of Mrs. Dyer. She had owned the stock, but disposed of it before she died. The debentures were obtained from the bankers and did not pass to the legatee under the sixteenth clause of her will. The fact that the stock was disposed of because the corporation called for payment is not of importance. See *Richards* v. *Humphreys,* 15 Pick. 133, 135; *O'Neil* v. *Cogswell,* 223 Mass. 364.

We do not think it necessary to discuss the cases from other jurisdictions, cited by the legatee. In many of them the facts are different from those in the case at bar; in so far as the decisions appear to be contrary to the conclusion we have reached, we must decline to follow them. We do not decide what would have been the rights of the legatee if the testatrix, in substitution of her stock in the New Jersey company, had received the debentures directly from that company. That question does not arise and we make no intimation regarding it.

In the Probate Court counsel for the residuary legatees waived all claims for costs and expenses. There was awarded to the legatee Baker the sum of $350 as costs and expenses, payable from the estate of the deceased. The residuary legatees appealed from the portion of the decree awarding costs to Baker. This appeal was dismissed because of their failure to pay the cost of printing within the time required by law. Baker filed a general appeal. Even if it be assumed that the question of costs as allowed by the Probate Court is before us, see *Manheim* v. *Woods,* 213 Mass. 537, 545; *Day* v. *Mills,* 213 Mass. 585, 588; *Hilton* v. *Hopkins, ante,* 59, there was no abuse of discretion in allowing costs to the

legatee, payable from the estate.   There was a real controversy.   The contention of the legatee could not be considered so far groundless and lacking in merit as to warrant us in saying that the discretion of the judge was abused. The proceeding was one for instruction, in which a matter not entirely free from doubt was involved.   It cannot be said that the question raised by the legatee was without a plausible foundation.   It was litigated in good faith. See G. L. c. 215, § 45.   *Deane* v. *Home for Aged Colored Women,* 111 Mass. 132, 135.   *Morse* v. *Stearns,* 131 Mass. 389.   *Gray* v. *Hemenway,* 212 Mass. 239, 243.   *Cogswell* v. *Weston,* 228 Mass. 219, 222.

The decree is affirmed.

*Ordered accordingly.*