SUMNER Y. WHEELER, executor, *vs.* ADOLPH F. LINDBERG & others.

Essex.  January 4, 1934. — February 16, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Devise and Legacy*, Ademption.

A woman by her will, made about a month after the death of her husband, gave to named relatives of her husband "all money that may be on deposit in my name as trustee in . . . [a certain bank]. . . ,

This money was received by me from my late husband's estate and in compliance with his wishes, I am leaving to his relatives, so much of this money, as I have not found necessary to use for my own comfort, during my lifetime." At the time of the husband's death, there was an account in his name in that bank, which thereupon was put in the widow's name as administratrix of his estate. At the time when the will was made, the money received by the widow from her husband's estate was in that account. Subsequently, she withdrew a part of the account and deposited it in an account in her name individually in the same bank. At the time of her death several years later, there existed such individual account and a small balance in the account in her name as administratrix, but no account in her name as trustee. *Held,* that

(1) At the time of the execution of the will, it was necessary, in order to make effective the provisions of the will above quoted, for the testatrix to take further action by way of establishing an account in her name as trustee and of transferring thereto the money in the account standing in her husband's name at the time of his death;

(2) The testatrix never having taken such action, the legacy in question was adeemed;

(3) The money in both the accounts existing at the time of the testatrix's death became part of the residue.

PETITION for instructions, filed in the Probate Court for the county of Essex on March 23, 1933, by the executor of the will of Ella A. Lindberg, late of Rockport.

The petition was heard by *Dow,* J. Material portions of the will, material facts and a decree entered by order of the judge are described in the opinion. The respondents Adolph F. Lindberg, Abbie W. Lufkin and Annie Larson appealed.

*G. C. Richards,* for Abbie W. Lufkin and others.

*F. H. Tarr,* (*F. H. Tarr, Jr.,* with him,) for the residuary legatees.

PIERCE, J. This is a petition in equity for instructions by the executor of the will of Ella A. Lindberg, late of Rockport, which was allowed in the Probate Court for the county of Essex on June 10, 1932.

The will was executed on May 10, 1926, following the death of the husband of the testatrix on April 17, 1926, intestate. The first paragraph of the will of Ella A. Lindberg reads as follows: "I give and bequeath to Annie Larson of Gottenborg, Sweden, sister of my deceased husband,

Fred Lindberg of Gloucester, Massachusetts, nephew of my late husband and Abbie Lufkin of Gloucester, Massachusetts, niece of my late husband, all money that may be on deposit in my name as trustee, (Ella F. Lindberg, Trustee), in the Granite Savings Bank of Rockport, Massachusetts and the Cape Ann Savings Bank of Gloucester, Massachusetts, at the time of my death, to be equally divided among them. This money was received by me from my late husband's estate and in compliance with his wishes, I am leaving to his relatives, so much of this money, as I have not found necessary to use for my own comfort, during my lifetime." At the date of the death of the husband, John L. Lindberg, he had on deposit in the Cape Ann Savings Bank $873.64 and in the Granite Savings Bank $950, a total of $1,823.64. At the date of the death of Ella A. Lindberg, as shown by the inventory filed in the Probate Court, she had real estate of the appraised value of $2,600 and personal estate of the appraised value of $6,282.30, a total of $8,882.30. Her personal estate consisted in part of deposits in said two savings banks. It appears that at the date of her death there were two active accounts standing in the name of Ella A. Lindberg, a deposit of $1,154.75 in the Cape Ann Savings Bank (Book # 29453) and a deposit of $2,903.66 in the Granite Savings Bank (Book # 3979), total $4,058.41. At the death of Ella A. Lindberg there was no account standing in the name of Ella A. Lindberg, trustee, in either the Cape Ann Savings Bank or the Granite Savings Bank; but, of the $873.64 deposit standing in the name of John L. Lindberg at his death (Book # 16779) in the Cape Ann Savings Bank, there was a balance of $10 standing in the name of "Ella A. Lindberg, Adm., John L. Lindberg." The deposit book of John L. Lindberg in the Cape Ann Savings Bank, standing in the name of "Ella A. Lindberg Adm., John L. Lindberg (# 16779)," shows Ella A. Lindberg withdrew $400 on May 3, 1927, and caused said sum to be transferred to her personal account (Book # 29453). The balance of the Cape Ann Savings Bank deposit, $463.64 and interest accumulated thereon, standing in the name of Ella A. Lindberg, administratrix, was withdrawn: in November, 1926,

$273.64; in May, 1927, $100; in August, 1927, $50; and in June, 1930, $65.87. The record does not disclose what disposition was made of such withdrawals. At her death there was an account of Ella A. Lindberg in the Cape Ann Savings Bank of which $400 had been transferred to that account from the estate of her husband, and there was an account of Ella A. Lindberg in the Granite Savings Bank of which $808.78 had been transferred by her to that account from the estate of her husband. Outside the sums alleged in the petition to have been transferred from the account of "Ella A. Lindberg, Adm., John L. Lindberg" to Ella A. Lindberg, the judge of probate found there "was sufficient to pay all of her debts and expenses." The prayer of the executor is "that he may be instructed as to the proper parties to whom he shall make payments of the deposits in the Cape Ann Savings Bank and Granite Savings Bank, and the amount to be paid each in accordance with the provisions of the aforesaid will of Ella A. Lindberg, as on file in said Probate Court."

On the above facts the judge of probate ruled "that, if said sums so withdrawn and transferred to the personal account of the testatrix do not belong to the respondents, Annie Larson, Adolph F. Lindberg and Abbie W. Lufkin, they fall into the residue of the estate," and found "that Annie Larson, Adolph F. Lindberg and Abbie W. Lufkin, respondents, are the beneficiaries named in the first paragraph of the will of said Ella A. Lindberg, and are alive." He entered the decree which follows: "On the petition in equity of Sumner Y. Wheeler, executor of the will of Ella A. Lindberg late of Rockport in said county, deceased petitioner, against Annie Larson and others respondents praying for instructions as to whom certain deposits in the Cape Ann Savings Bank and the Granite Savings Bank should be paid it appearing that notice according to the order of the court has been given to all parties interested, after hearing and consideration, the court doth order and decree, that the failure of said testatrix to leave any money deposited in said banks in the name of 'Ella F. Lindberg, Trustee' operated as an ademption of the legacy to Annie

Larson, Fred Lindberg and Abbie Lufkin and the funds in said Cape Ann Savings Bank and said Granite Savings Bank standing in the name of said testatrix personally and as administratrix of the estate of John L. Lindberg should be administered as a part of the residue of the estate of said testatrix." From this decree Annie Larson, Adolph F. Lindberg and Abbie Lufkin duly appealed to this court.

It is the contention of the appellants that the words of the first paragraph of the will: "This money was received by me from my late husband's estate and in compliance with his wishes, I am leaving to his relatives, so much of this money, as I have not found necessary to use for my own comfort, during my life-time," created the gift, and mean that she is giving to her husband's relatives all his estate which she does not use, however designated and identified. They contend that when the whole first paragraph is read it is obvious that the second sentence is controlling, and that the gift is sufficiently identified, even if the word "trustee" be omitted from any deposit standing in the name of Ella A. Lindberg which includes the money received from the estate of her husband.

The residuary legatees contend "that the testatrix clearly intended to leave to her husband's relatives only that amount of money which she should later decide to place in her name as 'Ella F. Lindberg, Trustee,' in the two savings banks she names; that as there was no such fund ever established, there is no legacy; that the second sentence in paragraph one is merely a statement of the reasons which induce her to set up a plan which she might fulfill in the future, and in no way detracts from or modifies the clear provisions of the first sentence."

Under the first paragraph of the will there is no final disposition of any money. At the time the will was executed, which was about one month after the death of her husband, all the money the testatrix ever received from her husband's estate, excepting $100 drawn from the Granite Savings Bank on May 3, 1926, stood in the name of Ella A. Lindberg, administratrix. It is obvious that further action by the administratrix was necessary to make the

provision of the will beneficial to the relatives of her husband, and that that action was to transfer the deposits held by her as administratrix to herself as trustee. It may be assumed that the testatrix contemplated at the time she executed her will the possibility, perhaps probability, that she would establish such an account. It is a fact that she never did, and there is nothing to show beyond conjecture why she did not establish the contemplated trust.

The executor is instructed that the failure of the testatrix to create a trust "in my name as trustee, (Ella F. Lindberg, Trustee)" operated as an ademption of the legacies to Annie Larson, Fred Lindberg and Abbie Lufkin, and that the funds in the Cape Ann Savings Bank and the Granite Savings Bank, standing in the name of said Ella A. Lindberg personally and as administratrix of the estate of John L. Lindberg, should be administered as part of the residue of the estate of Ella A. Lindberg.

*Decree affirmed.*