LILLIAN KEEGAN *vs.* JOHN D. NORTON, executor.

Essex.    October 8, 1947. — December 9, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Device and Legacy*, Ademption.   *Gift.   Executor and Administrator*, Recovery of legacy.

A legacy in a will of "all my stock in" a certain corporation was a specific legacy and was adeemed where the testator had sold all his shares in that corporation previous to the making of the will and owned none at the time of his death.

A gift of corporate stock was not shown by a mere promise to transfer it to the alleged donee without any delivery of the stock certificate or of any instrument of transfer.

After probate of a will containing a pecuniary legacy and also a bequest of corporate stock to the same legatee which had been adeemed by sale of the stock by the testator before making the will, the legatee, on a petition against the executor, who individually was the residuary legatee, was entitled to recover the pecuniary legacy, but was not entitled to recover the amount of the proceeds of the sale of the stock on the alleged grounds that the respondent had failed to remind the testator, at the time of making the will, that he had sold the stock; that the respondent had concealed for more than a year after his appointment the facts that the stock had been sold and so did not pass by the bequest and that the proceeds of the sale became his as residuary legatee; and that thereafter he had sent the petitioner the amount of a dividend on the stock.

PETITION in equity, filed in the Probate Court for the county of Essex on March 20, 1946.

The case was heard by *Costello*, J.

*R. M. Sullivan*, for the petitioner.

*J. P. Kane*, for the respondent, submitted a brief.

RONAN, J. This is an appeal from a final decree ordering the respondent to pay to the petitioner the balance due on a legacy of $5,000 given to her under the will of Mary A. Sheehan. The petitioner appeals on the ground that the respondent should also have been ordered to transfer thirty-nine shares of a certain corporation or their value.

The testatrix, Mary A. Sheehan, executed her will on February 14, 1942, in which she nominated the respondent, her cousin, as the executor and gave him the residue of her estate. The will contained the following provision: "Item 2 — 'To Lillian Keegan of said Lawrence, I give and bequeath the sum of $5,000 in cash and all my stock in the American Telephone and Telegraph Company and all my stock in the New England Telephone and Telegraph Company.'" The testatrix died on May 8, 1942, and her will was admitted to probate on July 8, 1942. She had lived with her brother, Frank P. Sheehan, who had died intestate on April 2, 1941. Norton was appointed administrator of his estate. Among the assets of his estate were various securities, including thirty-nine shares of American Telephone and Telegraph Company. The testatrix was his sole heir and next of kin. The respondent transferred these shares to himself as administrator, and on July 21, 1941, he transferred them into the name of the testatrix. They with other shares of stock which were formerly owned by her brother were sold on or about October 11, 1941. The check for the proceeds was indorsed by her to the respondent, who after cashing the check put the cash in his deposit box in accordance with the request of the testatrix. No one contends that the testatrix ever owned any shares in the New England Telephone and Telegraph Company. The controversy centers about the shares of the American Telephone and Telegraph Company. The provision of the will giving "all my stock in the American Telephone and Tele-

graph Company" constituted a specific legacy. The testatrix did not own any shares in this corporation at the time of her death, and the petitioner acquired no interest under the will in this stock or the proceeds from its sale. *Tomlinson* v. *Bury*, 145 Mass. 346. *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, 78. *Slade* v. *Talbot*, 182 Mass. 256. *Bullard* v. *Leach*, 213 Mass. 117. *First National Bank* v. *Perkins Institute for the Blind*, 275 Mass. 498. *First National Bank* v. *Charlton*, 281 Mass. 72, 76. The result would be the same if the testatrix had forgotten at the time she executed her will that she had sold these shares, especially in view of the findings that the respondent did not at any time subsequent to the sale of the stock represent to her that she was the owner of the shares and that he did not convert the proceeds of the sale to his own use. *O'Neil* v. *Cogswell*, 223 Mass. 364, 367. *Wheeler* v. *Lindberg*, 285 Mass. 399, 404.

Although the legacy failed, the petitioner seeks to establish an interest in the shares on the ground that they were given to her by the testatrix. The evidence goes no farther than to show an executory promise by the testatrix to transfer the stock to her, and if this evidence was believed it would not establish a gift. There was no delivery either actual or constructive of the stock certificate or any instrument showing the transfer of these shares. The judge properly found that there was no gift of the stock. *Millett* v. *Temple*, 280 Mass. 543, 549. *Reardon* v. *Whalen*, 306 Mass. 579, 580. *Benoit* v. *Benoit*, 317 Mass. 181. *Monaghan* v. *Monaghan*, 320 Mass. 367.

The final contention of the petitioner is that she is entitled to recover from Norton the proceeds of the sale of the stock because he failed to direct the attention of the testatrix, at the time she made her will, to the fact that she had sold the stock, because he sent the petitioner on December 21, 1943, the annual dividend on thirty-nine shares of this stock, and because he concealed, for more than a year after his appointment as executor, the fact that the stock was not included in her legacy but passed to him under the residuary clause. No contention is or could be maintained

that the will was procured through undue influence, fraud or mistake while the decree admitting it to probate stands. Indeed, the petitioner seeks to recover the balance of the legacy given to her by the will. The estate was to be administered and settled in accordance with the provisions of the will even though the testatrix may have failed to remember that the stock had been sold and even though she may not have realized that the stock would not pass under the legacy to the petitioner. *Barker* v. *Comins*, 110 Mass. 477, 488, 489. *Whitman* v. *Whitney*, 225 Mass. 213, 214, 215. *Mahoney* v. *Grainger*, 283 Mass. 189, 191. All that the petitioner was entitled to recover under the will was her legacy of $5,000. At the time she filed the present petition she had no other valid claim against the estate.

The various other contentions of the petitioner do not deal with any matters which affect the estate or its administration; and if we assume without deciding that they contain anything upon which a cause of action might be predicated, such an action could be brought only against the respondent individually. See *May* v. *Wood*, 172 Mass. 11; *Lewis* v. *Corbin*, 195 Mass. 520; *Ross* v. *Wright*, 286 Mass. 269; *Hegarty* v. *Hegarty*, 46 Fed. Sup. 319; Restatement: Torts, § 912, illustration 13.

*Decree affirmed.*