**Michael Lavin et al., Individually and Executors and Trustees Under Last Will and Testament of Louis Lavin, Deceased, Appellees, v. Fannie Banks et al. Appeal of Lipton Lavin, Appellant.**

**Gen. No. 44,642.**

Opinion filed October 31, 1949. Rehearing denied November 14, 1949. Released for publication November 21, 1949.

WELLINGTON G. BROWN, of Chicago, for appellants.

IRWIN P. LEWIS, LOUIS N. GROSSMAN, A. S. FRANKENSTEIN and HARRY YALE, all of Chicago, for appellees; IRWIN P. LEWIS, LOUIS N. GROSSMAN, LESTER N. GROSSMAN and A. S. FRANKENSTEIN, all of Chicago, of counsel.

MR. PRESIDING JUSTICE TUOHY delivered the opinion of the court.

Plaintiffs filed their complaint seeking construction of the last will and testament of Louis Lavin, who died testate in Chicago on September 23, 1945, leaving him surviving as his heirs-at-law Anna Lavin, his widow, four sons and three daughters, all of legal age. By clause 3 of his will be bequeathed to his wife Anna Lavin "all monies on deposit in my name in any bank or banking institution." At the time of his death he had on deposit with the Central National Bank of Chicago the sum of $6,218.01, and with the Farmers and Merchants National Bank of Benton Harbor, Michigan, the sum of $4,996.32, and in a safe deposit box in Continental Illinois Safe Deposit Company the sum of $22,327.99 in cash. With the exception of a piece of farm property in Michigan and a $40 per week bequest to the widow and certain other small bequests, the remainder of the estate consisting principally of 15 parcels of real estate located in Chicago was devised to the sons Michael, Joseph and Abraham Lavin, who are also residuary devisees. Subsequent to the death of the testator and before the filing of this cause the widow, Anna Lavin, died.

The bill to construe the will was brought by the three heirs-at-law, Michael, Joseph and Abraham Lavin, individually and as executors and trustees under the last will and testament of Louis Lavin, and the other heirs-at-law are named defendants. The sole question presented for determination was whether or not the sum of $22,327.99 on deposit in the name of Louis Lavin in the safe deposit box in Continental Illinois Safe Deposit Company was bequeathed by the third clause of the will of Louis Lavin to his wife Anna, or whether it passed under the residuary clause. The chancellor held that this deposit did not pass to the widow, and from the decree so finding, Lipton Lavin, one of the defendants, prosecutes this appeal.

We have for decision the question whether the testator by bequeathing to his wife "all monies on deposit

in my name in any bank or banking institution'' intended that she should take the amount on deposit with the Continental Illinois Safe Deposit Company.

We have taken into consideration, in seeking the testator's intention, the rule of law that provisions in a will for the benefit of the testator's widow should be construed liberally in her favor (69 C. J. § 1151, p. 102), and have come to the conclusion that it was the intention of the testator that the money on deposit in the Continental Illinois Safe Deposit Company was intended to pass to the widow under clause 3 of the will. In so holding, we are influenced by the evidence that the Continental Illinois Safe Deposit Company is a wholly owned subsidiary of the Continental Illinois National Bank and Trust Company of Chicago; that the Continental Illinois Safe Deposit Company occupies a portion of the same building that is occupied by the commercial bank; that the same employees who guard the Continental Illinois National Bank and Trust Company of Chicago also guard the entrance to the vault and premises occupied by the Continental Illinois Safe Deposit Company; that the bank directories, which list only the various departments of the Continental Illinois National Bank and Trust Company of Chicago and which are situated in the foyers of said bank at the Clark and La Salle street entrances, all list the Continental Illinois Safe Deposit Company as a department of the Continental Illinois National Bank and Trust Company of Chicago; that there are various signs, legends, and directives located in and upon the premises of the bank building pointing out how access may be had to the safe deposit vault—the plain inference being that the Continental Illinois National Bank and Trust Company of Chicago treated the safe deposit vault as a department of the bank and so held it out to its customers and other persons who came upon the bank premises. These facts were amply sufficient to persuade the testator that whether he was

depositing money in the commercial department, the savings department, or the safe deposit vault, he might reasonably conclude that each activity was being conducted with the same principal.

It is further to be observed that the "Act to license and regulate the keeping and letting of safety deposit boxes, safes, and vaults" etc. (ch. 114, par. 334 *et seq.*, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 10.69 (1) *et seq.*]), by its express terms does not apply to any banking institution organized under the laws of this State or of the federal government (par. 336). The plain inference from this exclusion is that the Illinois legislature requires no special license for a bank to conduct a safe deposit business because it regards the operation of such as an integral part of the banking business. In making the bequest under consideration, the testator presumedly was familiar with the laws of the State of Illinois.

We are also of the opinion that the testator by the use of the language "in any bank or banking institution" intended by the phrase "or banking institution" to enlarge upon the strict, literal interpretation which might be given to the word "bank." It seems obvious to us that by the addition of "or banking institution" that he plainly intended to cover every department of a bank in which a deposit could be made, and in view of the facts summarized above, we believe that the Continental Illinois Safe Deposit Company was held out to the public and customers as a department of the bank and the testator intended that a deposit there would be covered by the liberal language used.

Plaintiffs argue that the testator did not rent the safe deposit box until about 14 months after he executed his will and that such fact is indicative of an intention that no deposit so made should pass under the disputed clause of the will. It does not appear in this record that at the time the will was executed there

were deposits in either of the other two banks, deposits which indisputably passed to the widow under clause 3' of the will. It may well have been that there were no bank deposits in existence at the time the will was made, but that having an intention to create such deposits, the testator made provision that the widow should take substantially all the cash in his estate while the three sons should take the real estate. In any event, the law is well settled that a will takes effect, not from the date it was written, but from the time of the death of the testator. *McCormick v. Hall,* 337 Ill. 232.

Plaintiffs argue that the monies in the safe deposit box did not constitute a special deposit, for in order to constitute a special deposit the bank must be made a trustee or agent of the depositary by special agreement. We are of the opinion that the question of whether or not this was a general or special deposit, or whether or not the bank was a trustee or agent, is not relevant. We are here concerned with the question of the testator's intention and the legal effect of the deposit is not a matter of primary concern. We have reviewed the case of *Lye v. Lye,* 257 Mass. 415, and also the case *In re Hawks,* 24 Misc. 56, 53 N. Y. Supp. 372, and are of the opinion that neither the language of the bequests nor the other facts involved are sufficiently similar to be of guidance in the present case.

For the foregoing reasons the decree of the circuit court of Cook county is reversed and the cause is remanded with directions to enter a decree which shall conform to the views herein expressed.

*Reversed and remanded with directions.*

NIEMEYER and FEINBERG, JJ., concur.