TRUSTEES OF THE SOUTH YARMOUTH METHODIST CHURCH
*vs.* GEORGE W. WOOD & others
(and a companion case[1]).

Barnstable.    October 30, 1950. — December 5, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy,* What property passes, Gift of bank deposit, Gift of stock.

Nothing passed to the legatee under a bequest in a will of "my bank account in" a named bank where it appeared that the testatrix never had had an account in that bank although she had intended to open one there, that she did own shares of the capital stock of the bank, that she knew the difference between such two kinds of property, and that she did not intend to bequeath the shares to the legatee.

---

[1] The companion case is George W. Wood, conservator *vs.* Trustees of the South Yarmouth Methodist Church & others.

PETITION, filed in the Probate Court for the county of Barnstable on May 13, 1949, in which the petitioner alleged that L. Melva Jones "at no time ever had a bank account (savings or checking) in . . . [the First National Bank of Yarmouth] and that by the specific request [*sic*] in her will of 'my bank account in the First National Bank of Yarmouth' she referred to and intended to bequeath . . . [a certain certificate] for 10 shares of the capital stock of said bank"; and prayed that the "will be construed accordingly." Also a

PETITION, filed in the same court on March 29, 1949, for allowance of the final account of the conservator of L. Melva Jones.

The first case, and a motion to strike the appearance of Trustees of South Yarmouth Methodist Church in the second case, were heard by *Campbell*, J.

In this court the cases were submitted on briefs.

*S. D. Elmore*, for Trustees of the South Yarmouth Methodist Church.

*A. H. Castonguay*, for George W. Wood.

RONAN, J. These are two appeals from decrees of the Probate Court for Barnstable County. The first appeal is from a final decree adjudging that the appellant, the Trustees of the South Yarmouth Methodist Church, hereinafter called the church, is not entitled to any distribution under the will of L. Melva Jones. The second appeal is by the same appellant from a decree striking out its appearance filed in proceedings for the allowance of the final account of the conservator of L. Melva Jones.

The testatrix left a will which contained the following provision: "(2) I give, devise and bequeath to the South Yarmouth Methodist Church my bank account in the First National Bank of Yarmouth." The will contained various gifts of deposits in banks and shares of corporate stock and clearly demonstrated that she knew the difference between these two kinds of property. The judge found in his report of the material facts that she never had any deposit in the First National Bank of Yarmouth but that she did own ten

shares of the capital stock of this bank. He found upon the evidence, which is not reported, that she intended to withdraw funds from a New Bedford bank and to deposit this money in the First National Bank of Yarmouth but did not do so, and that she did not intend to bequeath the stock of this bank to the church. He found that the church was not entitled to this stock.

This is a case where the testatrix intended to change the form of some of her property by opening a new bank account with funds withdrawn from an account in another bank. If such a deposit had been made, the new account would have come within the accurate and plain description of the gift mentioned in her will to the church, but for some reason best known to herself she did not make this contemplated change and, the property described in the bequest to the church never having come into existence, nothing passed to the church. *O'Neil* v. *Cogswell*, 223 Mass. 364. *Redman* v. *Churchill*, 230 Mass. 415. *Lye* v. *Lye*, 257 Mass. 415. *Wheeler* v. *Lindberg*, 285 Mass. 399.

It follows from what has been said that the church took nothing under the will and, having no interest in the estate, it had no standing to appear in opposition to the allowance of the account of the conservator. There was no error in striking out its appearance.

*Decrees affirmed.*