JONAS R. PERKINS *vs.* WILLIAM J. COUGHLAN.

Plymouth.    October 16, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Will — Equitable Conversion of Realty into Personalty.*

A testator, by his will, provided that his " outlands not herein named shall be sold, and the proceeds, together with my personal property (not specified), shall go to the payment of all my debts and legacies, and if that should be insufficient, so much of the saw-mill pasture shall be sold as shall be necessary." *Held,* that the outlands were by the will converted into personalty, and were to be treated as such.

PETITION to the Probate Court, by the administrator with the will annexed of the estate of Samuel Reed, for the construction of the will.    The material clauses of the will were the following :

" 7th. My will is, that my outlands not herein named shall be sold, and the proceeds, together with my personal property (not specified), shall go to the payment of all my debts and legacies, and if that should be insufficient, so much of the saw-mill pasture shall be sold as shall be necessary.

" 8th.  I give and bequeath to my wife all my personal property that may remain after the payment of my debts and legacies."

The judge of probate made a decree, which recited that the real estate of the testator, including the " outlands of the testator not specially mentioned in said will," should be sold for the payment of debts, legacies, and charges of administration, if the personal property should prove insufficient for that purpose, and that any real estate remaining after such payment would remain as undevised estate belonging to the testator's heirs at law.    From this decree the administrator of the estate of Hannah W. Reed appealed, assigning as reasons of appeal that by the seventh clause of the will the testator's outlands

were converted into personalty, and that the decree of the judge of probate as regards the sale of the outlands and the disposition of the proceeds did not carry out the testator's intention.

At the hearing, before *Devens*, J., it was agreed that the testator died seised and possessed of the outlands in question, leaving a widow, Hannah W. Reed, surviving, who died on January 20, 1887, and that William J. Coughlan was duly appointed administrator of her estate, and Jonas R. Perkins administrator with the will annexed of the estate of the testator. The judge made a decree affirming the decree of the Probate Court, with the following modification: " All outlands not specifically devised shall be sold, and from the fund formed from the proceeds thereof, together with those of the personal property not specifically bequeathed, all debts, legacies (not specified), and expenses shall be paid, and if anything shall remain of said fund after such payments it shall be paid to the administrator of Mrs. Reed."

The heirs at law of the testator appealed to the full court.

*W. J. Coughlan, pro se.*

*F. V. Fuller*, for the heirs at law.

MORTON, C. J.    The only question presented to us depends upon the construction of the seventh clause in the will of the testator, which is as follows: " My will is, that my outlands not herein named shall be sold, and the proceeds, together with my personal property (not specified), shall go to the payment of all my debts and legacies, and if that should be insufficient, so much of the saw-mill pasture shall be sold as shall be necessary."

The question is, whether the real estate designated as " outlands " is to be regarded as constructively converted into personal property at the time of his death, so that the will operated upon it as personalty. This question is considered in *Hammond* v. *Putnam*, 110 Mass. 232, and it is there said that the general rule is, that, where it appears from the will that the intention of the testator is clear to convert real into personal estate, the law will regard it as converted at the time of his death, and will treat the estate as personal for all purposes to which the intention of the testator clearly extends. We must, therefore, ascertain from the will what was the intention of the testator.

The will is clear and explicit as to the provision that the

outlands shall be sold. The direction is not upon the condition that the proceeds of the outlands are needed to pay debts and legacies. The sentence immediately following does direct that the saw-mill pasture may be sold if the personal property and the proceeds of the outlands are insufficient to pay all debts and legacies, but the direction to sell the outlands is absolute and imperative. The testator thus shows a different intention in regard to the two pieces of property. He further says in regard to the outlands, "and the proceeds, together with my personal property (not specified), shall go to the payment of all my debts and legacies." He puts the proceeds of the outlands upon the same footing as his personal property.

We think it was his intention that they should form a common fund as personalty. He impressed upon the outlands the character of personalty, and the law will deal with the property as having this character at the time of his death. It follows that the decree of the presiding justice of this court, who heard the case upon appeal, should be affirmed.          *Decree affirmed.*