MARGARET T. JOHNSON & another *vs.* GEORGE W. TACEY, executor.

Suffolk.    November 8, 1950. — January 3, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Executor and Administrator*, Power of sale, Real estate of decedent. *Power. Election.*

An agreement made by the children of a testatrix shortly after her death, that until there should be a better market for her real estate it should not be sold pursuant to a direction in her will to the executor to sell it and, after making certain payments from the proceeds, to divide the balance of the proceeds equally among the children, did not constitute an election by the children to retain the real estate permanently and to take their shares therein instead of having it converted into personalty, nor extinguish the power of sale given to the executor, which continued and might properly be exercised by him when, many years later, a favorable market for the real estate arose.

PETITION, filed in the Probate Court for the county of Suffolk on June 6, 1946, against the executor of the will of Mary Tacey for an injunction against his exercising a power of sale of real estate given him by the will.

A temporary injunction was issued. Subsequently a decree dissolving the temporary injunction and a decree denying a permanent injunction were entered by *Wilson*, J.

*A. L. McCarthy*, for the petitioners.

*M. J. Dray*, for the respondent, submitted a brief.

LUMMUS, J. Mary Tacey died in 1920, leaving as heirs two sons, Charles A. Tacey and George W. Tacey, two

daughters, Loretta V. Daley and Margaret T. Johnson, and a grandchild, Mary Vautrinot, who was the daughter of a deceased daughter of Mary Tacey. Loretta V. Daley has since died, leaving two children, Loretta Daley Saulnier and Marguerite Daley Barbato.

By her will, Mary Tacey provided as follows: "I hereby direct my executor hereinafter named to sell and convey my houses and land at Nos. 35, 37 and 39 Cleveland St. Hyde Park, Mass., without license or order of the Probate Court and to divide the proceeds thereof in the following manner. The sum of two hundred and fifty dollars to my granddaughter Mary Vautrinot. The sum of five hundred dollars to my grandson George R. Tacey. And all the rest left after these payments to be divided equally between my children, Charles A. Tacey, George W. Tacey, Mrs. Loretta V. Daly and Margaret T. Tacey" (now Margaret T. Johnson). The will was allowed on February 3, 1921, and George W. Tacey was appointed and qualified as executor.

The testatrix left no money, but the children by agreement paid her debts, and agreed that the real estate should not be sold until a better market could be had. The rents paid the legacies to Mary Vautrinot and George R. Tacey, and also paid for repairs and improvements. In 1946, a favorable market having arisen, the executor proposed a sale, but Margaret T. Johnson denied the right of the executor to sell under the will. On June 6, 1946, the executor was restrained by temporary injunction from exercising the power of sale in the will. On June 28, 1948, the Probate Court entered a decree dissolving the temporary injunction, and an appeal therefrom was dismissed on November 3, 1949. *Johnson* v. *Tacey,* 324 Mass. 757. On February 23, 1950, the Probate Court denied a permanent injunction to restrain a sale. Margaret T. Johnson and George R. Tacey appealed. The material facts, as well as the evidence, are reported.

The direction to the executor to sell was "absolute and imperative." The gift to the children was not a devise of

land, but a bequest of money "to be divided equally between" them. *Hammond* v. *Putnam*, 110 Mass. 232, 237. By the direction in the will, the real estate was constructively converted into personalty from the time of the death of the testatrix. *Perkins* v. *Coughlan*, 148 Mass. 30, 31. *Thissell* v. *Schillinger*, 186 Mass. 180, 185. *May* v. *Brewster*, 187 Mass. 524, 530. *Baker* v. *Commissioner of Corporations & Taxation*, 253 Mass. 130, 133, 134. There is nothing in the will to show that the power to sell was to end at any time. *Bayley* v. *Sloper*, 263 Mass. 534, 540.

The appellants contend that the heirs might elect to take their shares in real estate, instead of having it converted into personalty as the will provided. But there was no election to retain the real estate as such permanently. The retention agreed upon was only until a favorable market for sale. The cases from other jurisdictions cited by the appellants speak of a power to sell being extinguished only by the election of all the heirs not to have it exercised. Here the executor as well as other heirs has never elected not to have the property sold. The desire of the appellants is not equivalent to an election by all the heirs.

*Decree affirmed.*