ELAINE WASSERMAN *vs.* DAVID E. COHEN, trustee.[1]

Middlesex. November 2, 1992. - January 13, 1993.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Devise and Legacy*, Specific legacy, Ademption. *Trust*, Construction, Revocable trust.

The doctrine of ademption operated to extinguish a specific gift of a parcel of real property under terms of a revocable inter vivos trust, where the settlor sold the property during her lifetime; hence the trust's provision that, on the settlor's death, the trustee was to convey the property to a named beneficiary did not entitle the beneficiary to the proceeds of the sale. [175-176]

CIVIL ACTION commenced in the Middlesex Division of the Probate and Family Court Department on July 23, 1991.

The case was heard by *James M. Sweeney*, J., on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*Keith L. Hughes* for the plaintiff.

*Sharon R. Burger* (*James N. Boudreau* with her) for the defendant.

LYNCH, J. This appeal raises the question whether the doctrine of ademption by extinction applies to a specific gift of real estate contained in a revocable inter vivos trust. The plaintiff, Elaine Wasserman, brought an action for declaratory judgment in the Middlesex Division of the Probate and Family Court against the defendant, David E. Cohen (trustee), as he is the surviving trustee of a trust established by Frieda M. Drapkin (Drapkin). In her complaint the plaintiff requested that the trustee be ordered to pay her the proceeds

---

[1]Of the Joseph and Frieda Drapkin Memorial Trust.

of the sale of an apartment building which, under the trust, would have been conveyed to the plaintiff had it not been sold by Drapkin prior to her death. Pursuant to the trustee's motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), the probate judge dismissed the action. The plaintiff appealed. We granted the plaintiff's application for direct appellate review and now affirm.

1. We summarize the relevant facts. Frieda Drapkin created the Joseph and Frieda Drapkin Memorial Trust (trust) in December, 1982, naming herself both settlor and trustee. She funded the trust with "certain property" delivered on the date of execution, and retained the right to add property by inter vivos transfer and by will. Drapkin also reserved the right to receive and to direct the payment of income or principal during her lifetime, to amend or to revoke the trust, and to withdraw property from the trust. On her death, the trustee was directed to distribute the property as set out in the trust. The trustee was ordered to convey to the plaintiff "12-14 Newton Street, Waltham, Massachusetts, Apartment Building, (consisting of approximately 11,296 square feet)."

When she executed the trust, Drapkin held record title to the property at 12-14 Newton Street in Waltham, as trustee of Z.P.Q. Realty Trust. However, she sold the property on September 29, 1988, for $575,000, and had never conveyed her interest in the property to the trust.[2]

Drapkin died on March 28, 1989. Her will, dated December 26, 1982, devised all property in her residuary estate to the trust to be disposed of in accordance with the trust's provisions.

2. The plaintiff first contends that the probate judge erred in failing to consider Drapkin's intent in regard to the gift when she sold the property. We disagree.

We have long adhered to the rule that, when a testator disposes, during his lifetime, of the subject of a specific leg-

---

[2]Drapkin amended the trust by instruments dated December 16, 1982, and February 8, 1989. The amendments did not reference the gift to the plaintiff.

acy or devise in his will, that legacy or devise is held to be adeemed, "whatever may have been the intent or motive of the testator in doing so." *Walsh* v. *Gillespie*, 338 Mass. 278, 280 (1959), quoting *Richards* v. *Humphreys*, 15 Pick. 133, 135 (1833). *BayBank Harvard Trust Co. v. Grant*, 23 Mass. App. Ct. 653, 655 (1987). The focus is on the actual existence or nonexistence of the bequeathed property, and not on the intent of the testator with respect to it. *Bostwick* v. *Hurstel*, 364 Mass. 282, 295 (1973). To be effective, a specific legacy or devise must be in existence and owned by the testator at the time of his death. *Moffatt* v. *Heon*, 242 Mass. 201, 203-204 (1922). *BayBank Harvard Trust Co. v. Grant*, *supra*.

The plaintiff asks us to abandon the doctrine of ademption. She contends that, because the doctrine ignores the testator's intent, it produces harsh and inequitable results and thus fosters litigation that the rule was intended to preclude. See Note, Ademption and the Testator's Intent, 74 Harv. L. Rev. 741 (1961). This rule has been followed in this Commonwealth for nearly 160 years. See *Richards* v. *Humphreys*, *supra*. Whatever else may be said about it, it is easily understood and applied by draftsmen, testators, and fiduciaries. The doctrine seeks to give effect to a testator's probable intent by presuming he intended to extinguish a specific gift of property when he disposed of that property prior to his death. As with any rule, exceptions have emerged.[3] These limited exceptions do not lead us to the abandonment of the

---

[3]This court has created two exceptions to the "identity" theory. In *Walsh* v. *Gillespie*, 338 Mass. 278 (1959), a conservator appointed for the testatrix five years after her will was executed sold shares of stock that were the subject of a specific legacy. The court held that the sale did not operate as an ademption as to the unexpended balance remaining in the hands of the conservator at the death of the testatrix. *Id.* at 284. In *Bostwick* v. *Hurstel*, 364 Mass. 282 (1973), a conservator had sold, then repurchased, stock that was the subject of a specific legacy and that had been split twice, before the death of the testatrix. The court held that the bequest of stock was not adeemed but emphasized, "we do not violate our rule that 'identity' and not 'intent' governs ademption cases." *Id.* at 296. See *BayBank Harvard Trust Co. v. Grant*, 23 Mass. App. Ct. 653, 655 (1987).

rule. Its so-called harsh results can be easily avoided by careful draftsmanship and its existence must be recognized by any competent practitioner. When we consider the myriad of instruments drafted in reliance on its application, we conclude that stability in the field of trusts and estates requires that we continue the doctrine.

3. The plaintiff also argues that deciding ademption questions based on a determination that a devise is general or specific is overly formalistic and fails to serve the testator's likely intent. She maintains that the court in *Bostwick* v. *Hurstel*, *supra*, moved away from making such classifications. In *Bostwick*, the court held that a gift of stock was not adeemed where the stock had been sold and repurchased prior to the death of the testatrix, and where it had been subject to two stock splits. However, the court confined the holding specifically to its facts.[4] See *Bostwick* v. *Hurstel*, *supra* at 294-295. In addition, the court stated: "Our holding does not indicate that we have abandoned the classification of bequests as general or specific for all purposes. We have no occasion at this time to express any opinion on the continuing validity of such distinctions in those cases where abatement or ademption of the legacy is at issue . . . ." *Id.* at 292.[5] We now have such an occasion, and we hold that, at least in regard to the conveyance of real estate at issue here, the practice of determining whether a devise is general or specific is the proper first step in deciding questions of ademption.

4. We have held that a trust, particularly when executed as part of a comprehensive estate plan, should be construed according to the same rules traditionally applied to wills. See

[4]"This conclusion is not based upon our present rejection of the general versus specific legacy distinction for resolving questions concerning stock splits; rather, we think that the concept of ademption in and of itself need not and should not be interpreted to include within its scope the circumstances present in this case." *Bostwick* v. *Hurstel*, *supra* at 294-295.

[5]We recognize that some courts criticize the process of first classifying legacies before determining whether they are adeemed. See Note, Ademption and the Testator's Intent, 74 Harv. L. Rev. 741, 743-745 (1961). See also *BayBank Harvard Trust Co.* v. *Grant*, *supra* at 655 n.4.

*Second Bank-State St. Trust Co.* v. *Pinion*, 341 Mass. 366, 371 (1960) (doctrine of independent legal significance applied to pour-over trusts); *Clymer* v. *Mayo*, 393 Mass. 754 (1985) (G. L. c. 191, § 9, which revokes dispositions made in will to former spouses on divorce or annulment, applied to trust executed along with will as part of comprehensive estate plan). In *Clymer* v. *Mayo*, *supra* at 766, we reasoned that "[t]reating the components of the decedent's estate plan separately, and not as parts of an interrelated whole, brings about inconsistent results." We also quoted one commentator who wrote, "The subsidiary rules [of wills] are the product of centuries of legal experience in attempting to discern transferors' wishes and suppress litigation. These rules should be treated presumptively correct for will substitutes as well as for wills." *Id*. at 768, quoting Langbien, The Nonprobate Revolution and the Future of the Law of Succession, 97 Harv. L. Rev. 1108, 1136-1137 (1984). We agree with this reasoning. As discussed above, the doctrine of ademption has a "long established recognition" in Massachusetts. See *Second Bank-State St. Trust Co.* v. *Pinion*, *supra* at 371. Furthermore, Drapkin created the trust along with her will as part of a comprehensive estate plan. Under the residuary clause of her will, Drapkin gave the majority of her estate to the trustee, who was then to dispose of the property on her death according to the terms of the trust. We see no reason to apply a different rule because she conveyed the property under the terms of the trust, rather than her will. Thus, we conclude that the doctrine of ademption, as traditionally applied to wills, should also apply to the trust in the instant case.

5. *Conclusion.* Since the plaintiff does not contest that the devise of 12-14 Newton Street was a specific devise,[6] it follows that the devise was adeemed by the act of Drapkin.

*So ordered.*

---

[6]"A specific legacy is one which separates and distinguishes the property bequeathed from the other property of the testator, so that it can be identified. It can only be satisfied by the thing bequeathed; if that has no exis-

tence, when the bequest would otherwise become operative, the legacy has no effect." *Moffatt* v. *Heon*, 242 Mass. 201, 203 (1922), quoting *Tomlinson* v. *Bury*, 145 Mass. 346, 347 (1887).